■ RICHARD S. LEE, Appellant, v. SANDRA A. LEE, Respondent.— In an action for divorce, the plaintiff husband appeals from an order of the Supreme Court, Kings County, dated August 18, 1972, which granted defendant's motion for temporary alimony and counsel fees and further directed plaintiff to pay to defendant $2,250, representing one half of the sum withdrawn by plaintiff from the parties' joint bank account. Order reversed, without costs; motion for temporary alimony and counsel fees denied; and plaintiff is directed to deposit the above-mentioned sum of $2,250 with the attorney for defendant, to be held by the latter in escrow pending the ultimate determination, at the trial, of the rights of the parties in the bank account in question. In our opinion, under the circumstances herein, the award of temporary alimony and counsel fees was an improvident exercise of discretion. Applications for temporary alimony should not be made or encouraged unless there is genuine necessity therefor (*Light* v. *Light*, 29 A D 2d 540). Before a wife may be granted temporary alimony and counsel fees there must be proof that she is unable to support herself while the action is pending (*Swinson* v. *Swinson*, 29 A D 2d 693; *Kaplan* v. *Kaplan*, 25 A D 2d 563; *Katz* v. *Katz*, 36 A D 2d 857). The moving papers herein established that defendant is regularly employed as a school teacher with total annual earnings of approximately $11,000 or $12,000. There are no children of the marriage. Thus, defendant should be able to support herself pending the trial and to pay her counsel fees. Moreover, it appears that at least a portion of her attorney's fee has already been paid (see *Bernstein* v. *Bernstein*, 36 A D 2d 620). Any further requests for counsel fees under the circumstances of this case should be reserved for the trial. The amount of $2,250 which Special Term has directed plaintiff to pay over to defendant represents one half of the sum allegedly withdrawn by plaintiff from the parties' joint bank account, an item of relief neither demanded by defendant on her motion nor supported by specific allegations in her moving papers. On this appeal, plaintiff does not deny that he withdrew these funds, but argues that the account did not constitute a true joint tenancy and that Special Term did not consider the effect of an alleged $1,700 withdrawal from the account by defendant. We agree with plaintiff that a final disposition of the moneys in this account could not properly be made upon this motion. The determination of the rights of the parties in the account must await the trial, at which plaintiff may attempt to overcome the presumption of joint tenancy and at which the effect of any unilateral withdrawals by the parties may be considered. However, in our opinion, the equitable course herein is to allow the direction by Special Term to stand, under the authority of section 234 of the Domestic Relations Law, but with the proviso that the payment is to be made in escrow as hereinabove directed,

with the principal subject to the ultimate determination, at the trial, of the rights of the parties to the funds in question. We further note that any seeming inequity in a temporary order for alimony is to be remedied by a speedy trial where the rights of the parties can be finally determined (*Fleisig* v. *Fleisig*, 40 A D 2d 609). Neither Special Term's award of temporary alimony and counsel fees nor this court's reversal herein of the order granting such award should have any effect upon the Trial Justice as to whether permanent alimony should be awarded and as to the amount thereof, if awarded, and as to the retroactive date, if any, to be set for the grant of alimony (*Hofflich* v. *Hofflich*, 38 A D 2d 573). Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.