■ LESTER VAN ESS, Appellant, v CAROLINE VAN ESS, Respondent. — In a matrimonial action, plaintiff husband appeals, as limited by his notice of appeal and brief, from stated portions of an order of the Supreme Court, Suffolk County (Murphy, J.), entered March 21, 1983, which, *inter alia,* (1) granted that branch of defendant wife's motion which sought temporary maintenance to the extent that it granted her $500 per week; (2) granted that branch of her motion which sought an appraisal of plaintiff's medical practice and disclosure with respect thereto, and (3) granted that branch of her motion which sought discovery with respect to the merits of the matrimonial causes of action. ¶ Order modified, on the law and the facts and in the exercise of discretion, by (1) reducing the amount of temporary maintenance to $250 per week; (2) adding a provision with respect to the granting of the appraisal of plaintiff's medical practice to the effect that the appraisal is to be limited to an analysis of plaintiff's current income and any appreciation in the value of the practice in the period from the date of the marriage to the date the action was commenced; (3) deleting the provision granting disclosure of the names of plaintiff's patients, and (4) deleting the provision granting disclosure with respect to the merits of the matrimonial cause of action. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. ¶ In making an award of temporary maintenance "the predominant consideration * * * is the financial need of the party making the application" (*Jorgensen v Jorgensen,* 86 AD2d 861). While the determination is to take into consideration the actual standard of living enjoyed by the parties (see *Hickland v Hickland,* 39 NY2d 1; *Rauch v Rauch,* 83 AD2d 847), it is, in the end, an

accommodation of the means of the supporting spouse and the "reasonable needs" of the needy spouse (Domestic Relations Law, § 236, part B, subd 6, par a). The burden is on the spouse seeking the award to establish the need for it (*Lee v Lee,* 41 AD2d 557), and the income and assets of the spouse making the application are to be considered (see *Dyson v Dyson,* 92 AD2d 857; *Thea v Thea,* 75 AD2d 618). An examination of the record in this matter and the admitted income, assets, and liabilities of the parties leads us, in the exercise of our discretion, to the conclusion that the award of temporary maintenance made by Special Term is excessive and that the award of $250 per week is more appropriate. This determination is, of course, to have no bearing on the ultimate award of maintenance after trial (see *Walker v Walker,* 18 AD2d 684). ¶ Full financial disclosure is the rule in an equitable distribution case, rather than the exception (see Domestic Relations Law, § 236, part B, subd 4; *Rubin v Rubin,* 87 AD2d 587). While the value of plaintiff's medical practice and the amount of income derived therefrom are relevant to any award which may be granted under the terms of the Equitable Distribution Law or an antenuptial agreement which the parties entered into prior to the marriage, defendant's rights, if any, to the value of the medical practice are limited to any appreciation from the date of the marriage to the commencement of the action (cf. Domestic Relations Law, § 236, part B, subd 5, par d, cl [1]; *Damiano v Damiano,* 94 AD2d 132; *Lee v Lee,* 93 AD2d 221). Accordingly, disclosure is limited in this regard, as indicated, to that which is necessary to determine plaintiff's current income from the practice and the appreciation in value, if any, during the relevant period. ¶ In view of the limited duration of the marriage, we find that absent a clear showing by defendant for the need therefor, disclosure of the names of the patients is not warranted in this action. We also find that disclosure with respect to the merits of the matrimonial causes of action is inappropriate. Defendant has not demonstrated, at this juncture, that such disclosure is necessary to establish her cause of action for divorce, and our recent holding that marital fault is generally irrelevant to the equitable distribution of marital property (see *Blickstein v Blickstein,* 99 AD2d 287) vitiates the argument that disclosure on the merits of the parties' matrimonial causes of action is an element of full financial disclosure. ¶ We have considered plaintiff's remaining contentions and have found them to be without merit. Mangano, J. P., O'Connor, Weinstein and Brown, JJ., concur.