■ JOAN MESSINA, Respondent-Appellant, v LEONARD MESSINA, Appellant-Respondent. — In a matrimonial action, defendant husband appeals from so much of an order of the Supreme Court, Rockland County (Dachenhausen, J.), dated October 26, 1983, as granted those branches of plaintiff wife's motion which sought temporary maintenance and child support and awarded her $170 per week, with arrears from September 30, 1983, and as directed him to pay the monthly mortgage interest and amortization payments as well as real estate taxes due and payable on the marital residence, and plaintiff cross-appeals from so much of said order as denied that branch of her motion which sought exclusive possession of the marital residence and referred that branch of her motion which sought an award of counsel fees to the trial court. ¶ Order modified, on the law and the facts, by deleting the provision thereof directing defendant to pay plaintiff as and for temporary maintenance and child support, the sum of $170 per week, and substituting therefor a provision directing defendant to pay plaintiff $100 ($50 for each child) per week in temporary child support. As so modified, order affirmed insofar as appealed from, without costs or disbursements. ¶ While as a general rule a speedy trial is the proper avenue for correction of any inequities in an award *pendente lite* (*Hyman v Hyman*, 56 AD2d 337), we believe that, under the circumstances, the order should be modified to deny plaintiff's request for temporary maintenance. The predominant consideration of the court in determining whether or not to award such relief is the financial need of the party making the application (*Jorgensen v Jorgensen*, 86 AD2d 861). In this case, plaintiff has demonstrated no such need; rather the record indicates that in addition to an adequate income, she has substantial liquid assets. Moreover, an award of temporary maintenance seems particularly inappropriate insofar as defendant has been directed to pay the mortgage interest and amortization as well as the taxes on the marital residence and to provide for plaintiff's and the children's medical and dental expenses. Further, Special Term did not allocate defendant's weekly payments between maintenance and child support. For these reasons, we reduce the amount awarded to $100 ($50 for each child) per week, and direct that such be used only for child support. Considering the needs of the children, the respective financial circumstances of the parties and the other provisions of Special Term's order which inure to the benefit of the children, such an amount seems fair and reasonable. Titone, J. P., Mangano, Thompson and Brown, JJ., concur.