■ NEVA YECIES, Respondent, v LEWIS D. YECIES, Appellant. — In a matrimonial action, defendant husband appeals from so much of an order of the Supreme Court, Suffolk County (De Luca, J.), dated June 9, 1983, as denied those branches of his motion which sought to (1) vacate a previous order granting plaintiff exclusive possession of the marital premises, (2) vacate a judgment against defendant for $1,900 in arrears and (3) order a psychiatric examination of plaintiff, and granted that branch of plaintiff's cross motion which was for upward modification of defendant's support obligations, and directed that the proceeds of the sale of jointly held stock be applied only to past-due mortgage and homeowner's insurance payments.

Order modified, on the law, by vacating the judgment against defendant for $1,900 in arrears. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Between December 1981 and February 1982, plaintiff made several applications to the Family Court, Suffolk County, for a protective order based on allegations that defendant had violated an existing protective order. In support thereof she alleged various instances of violence by her husband. In late December 1981 to January 1982, she sought and received an order from the Supreme Court, Suffolk County, granting her temporary exclusive possession of the marital premises, based on the same allegations of violence. Following a hearing, the Family Court dismissed the petitions for an order of protection, finding that plaintiff had proven none of her allegations and that "no family

offense was committed" by defendant. Defendant sought to renew the motion in the Supreme Court and to vacate the order that gave plaintiff temporary exclusive possession, arguing that a court with concurrent jurisdiction had found the grounds on which it was based to be unsubstantiated.

The determination of the Family Court that plaintiff had not sustained her burden of demonstrating that defendant had physically abused her did not require a determination by Special Term that exclusive possession of the marital abode by plaintiff would be inappropriate. To the contrary, the acrimonious nature of this litigation, as amply supported by the record, indicates that the award of exclusive possession pendente lite was proper. However, Special Term erred in declining to vacate a judgment against defendant for $1,900 in arrears. While defendant did not make the required payments of $250 per week directly to plaintiff, he did pay the carrying charges on the marital residence (in an amount exceeding $1,900), which at that time was plaintiff's obligation. Although he did not comply with the court's order, he effectively relieved plaintiff of these expenses which she would have had to otherwise bear. Therefore, defendant should have been credited with those payments (*see, Peltz v Peltz,* 56 AD2d 519). Upon submission of proof of payments by the defendant, the court should have vacated that judgment as a matter of law. Domestic Relations Law § 244, which prohibits modification of entered judgments as a matter of discretion, is inapplicable here, since this only involves crediting defendant for payments actually made.

Special Term did not err in denying defendant's application to have plaintiff submit to a further psychiatric examination. While defendant was entitled to a psychiatric examination of plaintiff, this had already been done, and defendant failed to demonstrate any compelling need for further examination.

The other provisions of the order that are challenged on appeal all concern matters of temporary support and finances that will necessarily be adjusted once a trial is completed and a final judgment prepared. These provisions are intended to tide over the more needy party, not to determine the correct ultimate distribution (Domestic Relations Law § 236 [B] [6], [7]; Scheinkman, 1981 Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:23, p 214, 1977-1984 Supp Pamph; *Jorgensen v Jorgensen,* 86 AD2d 861). Any imbalances as to these matters, including possible credits for other payments, including mortgage payments, which defendant claims to be in the sum of $7,700, or applications of the proceeds of sales of stock, can be corrected at that time. Mollen, P. J., Titone, Thompson and Bracken, JJ., concur.