■ CARMEN KATZ, Respondent, v ARTHUR KATZ, Appellant. — In a matrimonial action, the defendant husband appeals from a judgment of the Supreme Court, Rockland County (Ferraro, J.), dated January 30, 1984, which, *inter alia,* granted the plaintiff

wife a divorce and dismissed his counterclaim for the same relief, directed that he pay to the plaintiff the sum of $50 per week for five years for her educational loans and interest accrued on the loans, and further directed that he pay the plaintiff's attorney's fees, amounting to $6,800, less $1,568.50, an amount owed to the plaintiff for arrearages, which amount was held in escrow by the defendant's attorney and which was directed to be paid to the plaintiff's attorney and credited against the plaintiff's counsel fees.

Judgment modified, on the facts, by deleting the fourth decretal paragraph and substituting therefor a provision directing that the defendant husband pay one half of the plaintiff wife's attorney's fees, viz., $3,400, and that the $1,568.50 held in escrow be paid to plaintiff's attorney. As so modified, judgment affirmed, without costs or disbursements.

The defendant seeks to avoid reimbursing his former wife for her educational expenses on the ground that she is self-supporting, thereby relieving the defendant of his long-term obligation of support. Under the circumstances presented, we conclude that the court properly directed the defendant to pay $50 per week for five years to the plaintiff to defray the costs of her education (*cf. Morgan v Morgan,* 52 AD2d 804).

With regard to the award of counsel fees to the plaintiff wife, "although proof of indigency is not a prerequisite of entitlement to counsel fees * * * 'the circumstances of the case and of the respective parties' * * * may not require that the burden of payment of counsel fees be placed on the husband" (*Ackerman v Ackerman,* 96 AD2d 543; *see also, Walsh v Walsh,* 92 AD2d 345, 347; *Kaplan v Kaplan,* 77 AD2d 891, 892, *appeal dismissed* 51 NY2d 822). Given the circumstances of the respective parties, including the fact that custody of the parties' three female children was awarded to the defendant, the plaintiff's counsel fees should have been equally divided between the parties.

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.