(September 16, 1985)

■ JAY B. COLIN, Appellant, v MARJORIE COLIN, Respondent. —In an action for divorce, plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered July 23, 1984, as granted those branches of defendant wife's motion as sought pendente lite relief of $700 per week maintenance and $200 per week child support; awarded her $15,000 in counsel fees, $2,500 in accountant's fees and $1,500 in appraiser's fees; restrained plaintiff from disposing of any corporate assets or marital property pending trial; and ordered plaintiff to make available for inspection all corporate books and records of corporations or partnerships in which he has interests.

Order modified, on the law and the facts, by reducing the award of temporary maintenance from $700 per week to $500 per week; reducing the award of attorney's fees from $15,000 to $7,500; deleting the provision thereof which granted that branch of defendant's motion which sought a temporary injunction with regard to any disposal of corporate assets and marital property by plaintiff, and substituting thereof a provision that plaintiff must provide defendant's attorney with 30 days' written notice before any such disposal is attempted. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

In determining the appropriate amount of a temporary maintenance award, the court must consider and accommodate the reasonable needs of the spouse seeking support and the financial ability of the other spouse to meet those needs (Domestic Relations Law § 236 [B] [6] [a]; *Van Ess v Van Ess,* 100 AD2d 848). In this case, the parties' two children attend college and do not live at home except on occasional weekends and plaintiff husband pays the family's major expenses of mortgage, tax and insurance on the marital residence and the children's college expenses. Plaintiff's financial statement indicates that he cannot meet all of the financial obligations imposed by Special Term without depleting his entire salary,

which will render him unable to meet his own housing and maintenance needs. Under these circumstances, Special Term's award of $700 per week for maintenance was excessive and is hereby reduced to $500 per week. Child support of $200 per week is reasonable in view of the children's ages and full-time college attendance. This court's modification of the amount of temporary maintenance awarded to defendant is not intended to influence the final determination of permanent maintenance, if any, to be awarded after trial *(Van Ess v Van Ess, supra)*.

Defendant established that she has insufficient funds to pay for her continued defense of this action and that the circumstances of her husband's shareholder interests in several corporations necessitate the special services of an accountant and a real estate appraiser. Accordingly, Special Term's award of fees for those services was an appropriate exercise of its discretion pursuant to Domestic Relations Law § 237 *(Ahern v Ahern,* 94 AD2d 53). We find, however, that the pendente lite award for attorney's fees should be reduced to $7,500, subject to any further fee that the trial court may award.

Special Term's issuance of a temporary injunction against plaintiff's disposition of corporate or marital assets pending trial unduly restricts his ability to meet the financial · obligations imposed herein and to deal with the realities of the daily business world in which he functions. The requirement that no such disposition shall be attempted except upon 30 days' written notice to defendant's attorney will more equitably and realistically accomplish the purpose of protecting defendant's interests without unduly restricting plaintiff in his business and financial affairs.

Finally, it was within Special Term's discretion to order that plaintiff provide access to the corporate books of the closely held corporations and partnerships in which he has shareholder or other financial interests in order to aid the parties and the trial court in the evaluation and equitable distribution of marital assets *(Kaye v Kaye,* 102 AD2d 682). Mollen, P. J., Mangano, Thompson and O'Connor, JJ., concur.