■ BARBARA M. CHOSED, Respondent, v LLOYD CHOSED, Appellant.—In a matrimonial action, the defendant husband appeals from (1) so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 28, 1985, as directed him to pay the plaintiff wife the sum of $150 per week as maintenance and $150 per week in child support, pendente lite, and further restrained him from disposing of or transferring certain assets, pendente lite, (2) so much of an order of the same court, dated April 16, 1985, as upon granting his cross motion for reargument, adhered to its original determination, and (3) a judgment of the same court, dated April 23, 1985, which is in favor of plaintiff in the sum of $3,555.51, for arrears.

Appeal from the order dated February 28, 1985 dismissed. Said order was superseded by the order dated April 16, 1985, made upon reargument.

Order dated April 16, 1985 affirmed, insofar as appealed from.

Judgment affirmed.

Plaintiff is awarded one bill of costs.

After reviewing the record, we find that Special Term correctly awarded plaintiff a total of $300 per week as temporary maintenance and child support. Due consideration was given to plaintiff's needs as well as defendant's ability to provide for those needs (see, Stern v Stern, 106 AD2d 631; Van Ess v Van Ess, 100 AD2d 848; Rossman v Rossman, 91 AD2d 1036). Moreover, as has been noted on numerous occasions, the remedy for any alleged inequities in a pendente lite award is a speedy trial, at which a more detailed examination of the facts and circumstances of the parties may be conducted (see, Jorgensen v Jorgensen, 86 AD2d 861).

We further reject defendant's claim that he is entitled to a credit for expenditures made by him subsequent to the issuance of the order dated February 28, 1985. The absence of any proof that defendant made any expenditures for which he should now receive a credit proves fatal to this claim.

Defendant's last objection is to Special Term's restraining him from disposing of or transferring certain assets, pendente lite. It is evident from the record that defendant has exclusively controlled virtually all of the family's finances throughout the marriage. Under the circumstances, it was appropriate for Special Term to have enjoined any attempt by the defendant to dispose of assets in his name in order to deprive plaintiff of any portion thereof. Thompson, J. P., Brown, Weinstein and Eiber, JJ., concur.