■ MARION RAINONE, Respondent, v RALPH RAINONE, Appellant.—In a matrimonial action, the defendant husband appeals from (1) so much of an order of the Supreme Court, Westchester County (Beisner, J.), dated November 8, 1984, as amended by a decision and order of the same court dated November 29, 1984 as (a) granted the plaintiff wife leave to enter a money judgment in the sum of $4,185.63 for arrears under a pendente lite order requiring the payment of child support and maintenance, mortgage payments on the marital home, and additional payments, (b) directed him to file a $20,000 undertaking to secure payment of child support and maintenance pursuant to the pendente lite order, (c) authorized the issuance of a wage deduction order against him in the amount of $200 per week, (d) directed him to continue to make the mortgage payments on the marital home and to make current the arrears in such mortgage payments, and, in the event such payments are not made, authorized the sale of his automobile, and (e) directed him to extend the lease and continue to pay the monthly rental charges on the automobile being used by the plaintiff wife and to execute a written guarantee for such payments on said lease; (2) a judgment of the same court (Beisner, J.), entered November 20, 1984, which is in favor of the wife in the principal sum of $4,185.63 for arrears in pendente lite child support and maintenance; (3) an order of the same court (Beisner, J.), dated November 28, 1984, which directed his corporation to deduct the sum of $200 per week from his wages, salary and commissions as of the date of service of the order on his attorney; (4) an order of the same court (Martin, J.), also dated November 28, 1984, which granted the wife leave to enter an additional money judgment

in the amount of $3,001.85 for arrears in pendente lite child support, maintenance, and other court-ordered obligations; and (5) a judgment of the same court (Martin, J.), dated December 3, 1984, which is in favor of the wife in the principal amount of $3,001.85.

Appeal from so much of the order dated November 8, 1984, as amended, as awarded the plaintiff wife the sum of $4,185.63 dismissed. That portion of the order dated November 8, 1984 was superseded by the judgment entered November 20, 1984.

Appeal from the order of Justice Martin dated November 28, 1984 dismissed. That order was superseded by the judgment dated December 3, 1984 (see, Matter of Aho, 39 NY2d 241, 248).

Order dated November 8, 1984, as amended, affirmed, insofar as reviewed.

Judgment entered November 20, 1984 affirmed.

Order of Justice Beisner dated November 28, 1984 affirmed.

Judgment dated December 3, 1984 affirmed.

The plaintiff is awarded one bill of costs.

Based on the evidence in the record, Special Term properly awarded the wife money judgments representing arrears in amounts the husband failed to pay pursuant to a pendente lite order (see, e.g., Ruffolo v Ruffolo, 114 AD2d 843; Moore v Moore, 111 AD2d 375; Domestic Relations Law § 244). Moreover, the fact that the arrears represent, in part, unpaid mortgage payments, telephone and utility bills, insurance premiums, and automobile lease payments, does not necessitate a reversal of the judgments based on those arrears, because such payments directed by a pendente lite order, as opposed to a final judgment, do not represent open-ended obligations (cf. Belcastro v Belcastro, 104 AD2d 625).

Special Term acted within its discretion by ordering the husband to post $20,000 security for the payment of future pendente lite child support and maintenance (see, Domestic Relations Law § 243). We have reviewed the husband's other contentions and find them to be without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.