■ LOUISE CROWLEY, Respondent, v JEREMIAH F. CROWLEY, Appellant.—In an action for divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered June 19, 1985, as (1) directed him to pay to the plaintiff wife the sums of $600 per week for temporary maintenance and $400 per week for temporary child support; (2) ordered him to pay all household carrying charges and expenses; and (3) ordered him to pay all tuition costs for the private education of the parties' children.

Order modified, on the law and the facts, by reducing the award of temporary maintenance from $600 per week to $300 per week. As so modified, order affirmed insofar as appealed from, without costs or disbursements.

The purpose of temporary maintenance is "to insure that the needy spouse is provided with sufficient funds to meet his or her reasonable needs pending trial" *(Belfiglio v Belfiglio,* 99 AD2d 462). To this end, the court in fixing a temporary award must consider and accommodate the competing factors of the reasonable needs of the spouse seeking support and the financial means of the supporting spouse to meet those needs *(see,* Domestic Relations Law § 236 [B] [6] [a]; *Colin v Colin,* 113 AD2d 817; *Stern v Stern,* 106 AD2d 631; *Van Ess v Van Ess,* 100 AD2d 848).

In the instant case, the record discloses that the defendant cannot meet the financial obligations imposed upon him by Special Term's order without virtually exhausting his entire net monthly income. Hence, the circumstances of this case warrant a reduction of temporary maintenance to a figure of $300 per week *(see, Colin v Colin, supra; Van Ess v Van Ess, supra).* In our view, this amount suffices to meet the plaintiff's expenses and constitutes a reasonable accommodation between the parties.

We discern no error in the award of temporary child sup-

port, as said award is reasonable in view of the ages and needs of the parties' children *(see generally, Colin v Colin, supra).* We further find the remaining portions of Special Term's order to be proper. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.