■ Orlando Velocci, Appellant, v Darian Velocci, Respondent.—In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated February 4, 1985, as, upon the motion of the defendant wife for clarification of an order of the same court (Oppido, J.), dated October 19, 1984, directed that the plaintiff husband pay the defendant wife temporary maintenance in the sum of $400 per week, temporary child support in the sum of $200 per week, the sum of $100 per week on account of the sum retroactively due for temporary child support as of the date of the court's prior order, and carrying charges on the marital residence, and awarded the defendant wife judgments of $2,800 and $700 for arrears on the payment of maintenance and child support, respectively.

Order affirmed insofar as appealed from, with costs.

Prior orders of Supreme Court, Nassau County (Oppido, J.), dated June 24, 1982 and August 1, 1983, clearly directed that the plaintiff husband pay $400 per week in temporary maintenance to the defendant wife for her support alone. Although

the defendant's subsequent motion requesting upward modification of maintenance and other relief should, if possible, have been transferred to Justice Oppido (see, CPLR 2221), Justice Burke's order directing that the plaintiff pay child support and carrying charges on the marital residence was justified by the inadequate and haphazard payments that the plaintiff had been making for these purposes, and therefore did not constitute an improper modification of Justice Oppido's prior order (see, Watras v Watras, 43 AD2d 520). Contrary to the plaintiff's assertion, the defendant's application was not tantamount to a motion for reargument. We note that with respect to that portion of the defendant's motion seeking an upward modification of her personal maintenance, Justice Burke did defer to Justice Oppido's previous disposition of the issue.

The plaintiff's argument that the award of temporary maintenance and child support is excessive rings hollow in view of his admitted substantial income and his unwillingness to reveal the full extent of his income and assets. In any event, the most effective remedy for any seeming inequity in an award of temporary maintenance and child support is a speedy trial where the facts regarding the parties' finances and standards of living can be ascertained (see, Brown v Brown, 54 AD2d 553). Weinstein, J. P., Niehoff, Lawrence and Eiber, JJ., concur.