■ LORRAINE ISHAM, Respondent, v ROBERT K. ISHAM, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Geiler, J.), dated Septem-

ber 11, 1985, as directed him to pay the plaintiff wife, pendente lite, the sum of $250 per week as maintenance and $100 per week as child support, restrained him from transferring or otherwise disposing of the material assets and awarded the plaintiff interim counsel fees in the sum of $3,500.

Justice Weinstein has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's assertions, Special Term did not abuse its discretion in awarding the plaintiff maintenance pendente lite in the sum of $250 per week as well as child support pendente lite of $100 per week for the parties' infant son. Due consideration was given to the plaintiff's needs as well as the defendant's ability to provide for those needs *(see, Chosed v Chosed,* 116 AD2d 690; *Van Ess v Van Ess,* 100 AD2d 848). The provisions of the Domestic Relations Law which pertain to pendente lite relief are merely intended to "tide over the more needy party, not to determine the correct ultimate distribution" *(see, Yecies v Yecies,* 108 AD2d 813, 814). Moreover, the remedy for any alleged inequities in an award of pendente lite support is, of course, a speedy trial *(see, Jorgensen v Jorgensen,* 86 AD2d 861).

The defendant's remaining contentions have been examined and have been found to be without merit. Thompson, J. P., Weinstein, Eiber and Spatt, JJ., concur.