SHIRLEY RIGBERG, Respondent, v ALLAN RIGBERG, Appellant

In determining the appropriate amount of a temporary

maintenance award, the court's primary consideration is to accommodate the reasonable needs of the spouse seeking support and the financial ability of the other spouse to meet those needs (Domestic Relations Law § 236 [B] [6] [a]; *Colin v Colin,* 113 AD2d 817; *Chachkes v Chachkes,* 107 AD2d 786). Here, the defendant was directed to continue to pay the carrying charges on the marital residence, an apartment in Manhattan, and a house in East Hampton, which are by statutory definition marital property *(see,* Domestic Relations Law § 236 [B] [1] [c]). Since there are two residences available to adequately accommodate the separate housing needs of each spouse, the alternative temporary maintenance award of $600 per week in the event the plaintiff resides elsewhere is inappropriate. Such an award would merely serve to deplete the defendant's income, rendering him unable to adequately meet his own maintenance needs and support payments for his children from a prior marriage *(see, Colin v Colin,* 113 AD2d 817, *supra).*

Lastly, we reject the defendant's contention that Special Term's directive to pay specific carrying charges on the marital residence and the East Hampton house is invalid on the ground that the monetary limits of the defendant's obligation are not fixed. Payments directed in a pendente lite order, as opposed to a final judgment *(see, Rogers v Rogers,* 116 AD2d 710; *cf. Price v Price,* 113 AD2d 299, 308-309), do not represent open-ended obligations *(Rainone v Rainone,* 118 AD2d 766; *see, e.g., Ruffolo v Ruffolo,* 114 AD2d 843; *Catania v Catania,* 111 AD2d 896). Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.