■ DOROTHY WESLER, Respondent, v NORMAN WESLER, Appellant.—In a matrimonial action, the defendant husband appeals (1) from an order of the Supreme Court, Suffolk County (Willen, J.), dated March 24, 1986, which granted the plaintiff wife's application for pendente lite relief to the extent of directing the defendant husband to pay to the plaintiff wife $150 per week in maintenance, to pay various maintenance and carrying charges in connection with the marital residence, to pay $20 per week for gasoline for the wife's automobile, that the husband provide life and health insurance for the wife and pay all her unreimbursed medical, dental and psychologist's expenses, and that the wife have exclusive use and occupancy of the marital residence, and (2), as limited by his brief, from so much of an order of the same court, dated September 11, 1986, as denied his motion for a modification of the March 24, 1986, order, and awarded the plaintiff a judgment in the principal amount of $2,050 for arrears.

Ordered that the order dated March 24, 1986, is modified, on the law and as an exercise of discretion, by (1) striking the figure "$150.00" from the second decretal paragraph thereof, and substituting therefor the figure "$75.00"; (2) striking the sixth decretal paragraph thereof and substituting therefor a provision ordering the defendant to continue to provide all

existing health insurance for the benefit of the plaintiff and shall pay unreimbursed medical, dental and psychologist's expenses incurred by the plaintiff, not to exceed $100 per month; and (3) striking the seventh decretal paragraph thereof; as so modified, the order is affirmed, without costs or disbursement; and it is further,

Ordered that the order dated September 11, 1986, is modified, on the law and as an exercise of discretion, by (1) deleting therefrom the words "in the sum of '$2,050.00' ", and (2) granting the defendant leave to renew his claim to recover $442, representing alleged excess payments of the wife's gasoline expenses, at the hearing, if he be so advised; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing for the purpose of recomputing arrears.

Although a speedy trial is ordinarily the proper remedy to rectify inequities in an order directing the payment of temporary maintenance, pendente lite relief may be modified on appeal where justice so dictates (see, Messina v Messina, 101 AD2d 856). When the ordered maintenance payments are so prohibitive as to prevent the payor spouse from meeting his or her own financial obligations, relief may be granted (see, Hill v Hill, 121 AD2d 270; Crowley v Crowley, 120 AD2d 559; Chachkes v Chachkes, 107 AD2d 786).

In this case, the papers submitted with regard to the defendant husband's income, including his tax return, reveal that he is unable to meet the many-faceted obligations of the pendente lite order, pay for the parties' daughter's college expenses and meet his own living expenses. Accordingly, the weekly cash maintenance payment should be reduced from $150 to $75 per week. Further, his obligation to pay the wife's unreimbursed medical, dental and psychologist's expenses should be limited in a sum not to exceed $100 per month.

Also, in view of the absence of any evidence or allegation that exclusive occupancy of the marital residence was necessary to protect the safety of the plaintiff, it was an improvident exercise of the court's discretion to award the plaintiff such exclusive occupancy prior to the trial and without a hearing (see, Harrilal v Harrilal, 128 AD2d 502; Tillinger v Tillinger, 120 AD2d 584; Blumenfeld v Blumenfeld, 96 AD2d 895).

In view of our modification of the pendente lite order, the assessment of arrears must be modified to reflect the amount of the cash payments the defendant should have made from

the date of the plaintiff's application for pendente lite relief to the date she moved for an order assessing arrears *(see,* Domestic Relations Law § 236 [B] [6] [a]).

Finally, we note that there are conflicting assertions as to fault in delaying discovery. Bearing in mind that our determinations have been made solely on the submitted papers and that the objective of a speedy trial is paramount, the parties are directed to conclude discovery expeditiously and to proceed to trial. Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.