(December 15, 1987)

■ JUDITH A. RITTER, Respondent, v ANTHONY B. RITTER,

Appellant.—Order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered March 2, 1987, awarding plaintiff temporary maintenance of $10,000 per month retroactive for six months to the date of the application therefor, and directing defendant either personally or through the Barbizon Corporation to pay for the plaintiff's medical insurance, unreimbursed medical expenses, and for plaintiff's household, disability, workers' compensation and automobile insurance, and for her country club membership, unanimously modified on the law, the facts, and in the exercise of the court's discretion, the temporary maintenance award is reduced to $6,500 per month and the amount to which plaintiff is retroactively entitled is reduced to $39,000, and, except as modified, affirmed, without costs.

The parties to this divorce action have been married for some 14 years and have enjoyed a lavish life-style. Plaintiff has applied for temporary maintenance pursuant to Domestic Relations Law § 236 (B) (6) claiming that it is necessary for her to spend $12,746 to meet her monthly needs. She initially maintained that defendant should contribute $11,800 monthly toward that amount. The motion court, however, awarded plaintiff $10,000 a month retroactive to the date of the application. Plaintiff has not appealed from that determination, but defendant has, claiming that the award is excessive. We agree with defendant and reduce the award as indicated.

The purpose of temporary maintenance, of course, is not to finally determine the property rights of the parties, but to assure that the reasonable needs of a dependent spouse are met during the pendency of a divorce proceeding (*Messina v Messina*, 101 AD2d 856; *Van Ess v Van Ess*, 100 AD2d 848). To be sure, the standard of living previously enjoyed by the parties is a relevant consideration in assessing the reasonable needs of a temporary maintenance applicant (Domestic Relations Law § 236 [B] [6]; *Van Ess v Van Ess, supra; Messina v Messina, supra; Hickland v Hickland*, 39 NY2d 1; *Rauch v Rauch*, 83 AD2d 847). The predominant consideration, however, is the applicant's actual financial need (*Van Ess v Van Ess, supra; Jorgensen v Jorgensen*, 86 AD2d 861). In evaluating that need, the applicant's income and assets must be taken into account (*Dyson v Dyson*, 92 AD2d 857; *Van Ess v Van Ess, supra*).

Here, the record discloses that plaintiff is employed and will continue to be employed as a consultant for the Barbizon Corporation of which her husband, the defendant, is president, chief executive officer and majority shareholder. Plaintiff's

annual salary is $110,000. Barbizon provides plaintiff with medical coverage and life insurance. Plaintiff's automobile and expenses in connection therewith, including payments for her chauffeur, have been, and continue to be paid by defendant who also pays for plaintiff's homeowner's insurance and country club privileges. The foregoing expenditures, covered either by the Barbizon Corporation or defendant, are not included in plaintiff's $12,746 monthly expense budget. Among the items which are included in that budget are home mortgage payments of $2,821, salaries for plaintiff's live-in housekeeper and gardener, $900 a month for food at home, $500 a month for dining out, $1,000 a month for clothing, $1,000 a month for vacations, and $867 a month for pocket money.

Prior to the breakup of her marriage, plaintiff was apparently able to manage on her income, which was comparable to what it is now, and a $4,585 monthly allowance provided by defendant. There is little indication why plaintiff will require in temporary maintenance more than twice her previous allowance to meet her reasonable needs. Even allowing for expenses necessary to maintain the luxurious life-style to which she has become accustomed, the plaintiff's budget would appear to be inflated. It was plaintiff's burden to demonstrate the need for the award she sought (Lee v Lee, 41 AD2d 557; Van Ess v Van Ess, supra), but several of the budgeted amounts—notably those for food, clothing and vacations—would seem clearly excessive and plaintiff has not provided any documentation to support the conclusion that the amounts claimed for these items reflect her reasonable needs.

It is, moreover, the case that if defendant is held to a $10,000 a month temporary maintenance obligation he will effectively be required to finance items which plaintiff has proved quite capable of paying for on her own. Foremost among these is the mortgage on plaintiff's home. Plaintiff purchased her home before marrying defendant and has always paid amounts due on her mortgage out of her own funds. We see no reason why defendant should now shoulder the major part of plaintiff's mortgage responsibility in the form of temporary maintenance. This is especially so since plaintiff's present mortgage was taken out just one day before the commencement of this action and increased the outstanding debt upon her property from under $40,000 to $200,000. The only explanation offered by plaintiff for placing this new and more costly mortgage upon her property is that she needs cash to pay her attorneys' fees. Plaintiff has, however, never applied for counsel fees, and in the absence of an application

therefor we will not ˙sanction an award of counsel fees in the form of increased pendente lite maintenance. It is, in any case, far from clear that plaintiff would be entitled to counsel fees even if she requested them.

Although it is true, as plaintiff points out, that disputes over temporary maintenance are most efficiently resolved by means of a speedy trial, the reality is that this matter which was commenced in August 1986 will probably not be tried for another two years. Defendant should not during that lengthy interval be required to pay maintenance clearly in excess of what would be adequate to meet plaintiff's reasonable needs. Giving due consideration to plaintiff's substantial income and benefits from the Barbizon Corporation and to those additional benefits defendant continues to provide, we think that plaintiff's reasonable needs will be adequately provided for and that she will suffer no hardship if her income is supplemented with temporary maintenance payments in the reduced amount of $6,500 a month. Concur—Murphy, P. J., Kupferman, Sandler, Kassal and Smith, JJ.