JOSEPHINE CHRISTINA, Appellant, v PAUL V. CHRISTINA, Respondent.

A review of the record, which contains conflicting affidavits, discloses that in making its award of temporary maintenance for the plaintiff and child support for the parties' two children, the Supreme Court considered all of the relevant factors, including the parties' preseparation standard of living, as enumerated in Domestic Relations Law § 236 (B) (6) and (7).

Further, we find that the Supreme Court did not err by failing to (1) separately allocate the temporary maintenance and child support award *(cf., Fricke v Fricke,* 119 AD2d 798) or

(2) specify the bills to be paid as part of the carrying charges and utilities for the marital residence *(cf., Rigberg v Rigberg, 124 AD2d 723)*.

With respect to the plaintiff's request for counsel fees pendente lite, we find no improvident exercise of discretion in denying this relief to the plaintiff in light of the interim monetary relief granted to her in the order dated December 15, 1986. It is noted that she was granted additional interim monetary relief in a subsequent order dated March 19, 1987.

In addition, the Supreme Court properly vacated those provisions of the order dated December 15, 1986 which had directed the defendant to pay $5,250 towards the plaintiff's appraisal fees from the parties' joint bank accounts. While the plaintiff had withdrawn almost $20,000 from these joint accounts prior to December 15, 1986, she indicated that these funds were available for her use at the time of the defendant's request to vacate the challenged provisions. Therefore, the Supreme Court did not direct the wife to restore the funds but apparently anticipated that a portion of the funds could be used to pay the wife's appraisal expenses. We find without merit the wife's claim that the husband should have been directed to pay $7,350 towards her appraisal fees out of other funds.

Our determination with respect to those aspects of the orders before us should have no bearing on the ultimate awards, if any, after trial, of maintenance, child support, counsel fees and appraisal fees. Both parties are urged to take all necessary steps to expedite the trial of this action. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.