■ MADELINE TILLINGER, Respondent, v SEYMOUR TILLINGER, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of a pendente lite order of the Supreme Court, Nassau County (Brucia, J.), dated December 15, 1987, as (1) granted that branch of his motion which was for an order excluding one Jose Casal from the marital residence only to the extent of ordering that Casal shall not remain in the residence at times when either child of the marriage is remaining overnight, (2) denied that branch of his motion which sought an elimination of his obligation to pay the plaintiff wife maintenance, (3) denied that branch of his motion which was for an order directing the plaintiff to pay all carrying costs on the marital residence, (4) granted that branch of the plaintiff's cross motion which was for exclusive possession of the marital home and (5) awarded the plaintiff counsel fees in the sum of $500.

Ordered that the order is affirmed insofar as appealed from, with costs.

Upon our review of the record we find that the trial court did not improvidently exercise its discretion in denying that branch of the defendant's motion which was for an order directing the plaintiff to pay all of the carrying charges on the marital residence *(McKee v McKee,* 96 AD2d 531).

We also find that the court properly granted that branch of the plaintiff wife's cross motion which was for the exclusive possession of the marital residence. The defendant, who has voluntarily established an alternative residence for himself, concedes that he removed himself from the marital home in order to avoid "continuing marital difficulties, which might lead to violence" *(see, Wolfe v Wolfe,* 111 AD2d 809).

The record reveals that the award of counsel fees to the plaintiff was proper *(see,* Domestic Relations Law § 237).

We have considered the defendant's remaining contentions and find them to be without merit.

We note this action has been pending for 5½ years. We take this opportunity to once again voice our general disapproval of

the practice of taking appeals from orders granting pendente lite relief *(Sonitis v Sonitis,* 125 AD2d 661). "The most expedient and best remedy for any perceived inequities in such awards is to press for an early trial *(see, e.g., Schlosberg v Schlosberg,* 130 AD2d 735; *Velocci v Velocci,* 122 AD2d 265, 266)" *(Lee v Lee,* 131 AD2d 820, 821). Bracken, J. P., Brown, Lawrence and Spatt, JJ., concur.