■ CECELIA MAROHN, Appellant, v JAMES P. MAROHN, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, (1), on the ground of inadequacy, from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated November 4, 1988, as, upon her motion for pendente lite relief, awarded

her only $50 per week for temporary maintenance and $50 per week for temporary child support, and denied her interim counsel fees, and (2) from so much of an order of the same court, dated January 26, 1989, as denied her motion to disqualify the defendant's attorneys, and limited her award of interim expert fees to the sum of $650.

Ordered that the order dated November 4, 1988, is modified, as a matter of discretion, by increasing the award for temporary maintenance to the sum to $100 per week; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated January 26, 1989, is affirmed insofar as appealed from, without costs or disbursements.

Bearing in mind that the granting of pendente lite relief in a matrimonial action is intended to "tide over the more needy party, not to determine the correct ultimate distribution" (Yecies v Yecies, 108 AD2d 813, 814; see also, Isham v Isham, 123 AD2d 742), the court's pendente lite award should be increased to the extent indicated. The record indicates that the defendant husband is carrying a number of costly expenses, e.g., a leased BMW and the car telephone, which it would seem the parties could ill afford at this time. The price of these amenities would best be reallocated to the family's living expenses.

In addition to the sums for temporary maintenance and child support, the defendant was also directed to pay all the carrying charges necessary for running the marital home. Thus, the total award, including the modest increase herein, should be sufficient in view of the parties' financial circumstances. In any event, the most effective remedy for any alleged inequities in an award of pendente lite maintenance and child support is a speedy trial at which time the parties' finances can be fully explored (see, Samuelsen v Samuelsen, 124 AD2d 650; Perelman v Perelman, 110 AD2d 629). In this regard, we note that the court set an early date for trial.

For similar reasons, the court's award of $650 as and for interim expert fees was not improper under all of the circumstances (see, Ahern v Ahern, 94 AD2d 53; Gueli v Gueli, 106 Misc 2d 877). Nor, in view of the early trial date, did the court err in referring the plaintiff's request for counsel fees to the trial court (see, Katz v Katz, 111 AD2d 220).

Finally, we agree with the Supreme Court that the plaintiff has failed to meet her burden of establishing grounds for the disqualification of the defendant's attorney (see, S & S Hotel

*Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437; *Plotkin v Interco Dev. Corp.,* 137 AD2d 671). Thompson, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.