■ Carmen Garner, Appellant, v John S. Garner, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from stated portions of an order of the Supreme Court, Richmond County (Felig, J.), dated June 10, 1988, which, *inter alia,* (1) granted the defendant husband's motion for a protective order, and (2) denied her cross motion

to (a) compel the husband to respond to written interrogatories, (b) strike the husband's answer and counterclaim, (c) direct the husband to pay her additional pendente lite counsel fees, (d) direct the husband to pay her $25,000 in pendente lite litigation expenses, (e) modify her pendente lite maintenance from $100 per week to $2,500 per week, and (f) direct a nonparty witness to respond to interrogatories.

Ordered that the order is modified by (1) deleting the provision thereof which denied that branch of the cross motion which sought increased pendente lite maintenance and substituting therefor a provision granting that branch of the cross motion to the extent that the wife is awarded $300 per week as pendente lite maintenance, retroactive to the date of her cross motion, (2) deleting the provision thereof which denied that branch of the cross motion which sought additional counsel fees pendente lite and substituting therefor a provision awarding the wife additional counsel fees pendente lite in the sum of $5,000 and (3) adding thereto a provision permitting the wife to re-serve interrogatories in proper form tailored to relevant issues; as so modified, the order is affirmed insofar as appealed from, with costs to the wife; and it is further,

Ordered that the arrears and counsel fees are to be paid by the husband within 45 days after service upon him of a copy of this decision and order with notice of entry; and it is further,

Ordered that the parties are directed to proceed to trial with all due speed.

This is a marriage of approximately eight years' duration, during which the wife worked along with the husband in his many businesses, including two closely held corporations and developed and undeveloped real estate. Although she is presently employed, the wife allegedly suffers from a brain tumor and earns substantially less than her husband's admitted income. Issues as to the marital or nonmarital character of the assets, the value of the corporations, the value of the wife's contribution to the corporations, the standard of living of the parties at the time of marriage, the extent of unreported income (if any) of the husband, and the alleged recent transfer of stock ownership by the husband in violation of a court order are only some of the matters which must be addressed in pretrial discovery and at the trial.

We agree with the wife that the $100 per week pendente lite maintenance awarded to her pursuant to an order of the

Supreme Court, Richmond County, dated January 9, 1985, is inadequate in view of the substantial disparity of the parties' income and assets and the wife's frail health. Therefore, her cross motion should have been granted to the extent of increasing her pendente lite maintenance to $300 per week.

The total counsel fee awarded to the wife to date is $750. We note that the husband has failed to disclose the amount of counsel fees paid by him to his attorney. In order that this far less affluent spouse shall be able to carry on the action without suffering a grave disparity of resources for legal representation as compared to the husband, a further award of pendente lite counsel fees is mandated as indicated.

Additionally, we note that contrary to the wife's contentions, the husband's failure to make a timely application for a protective order does not constitute an absolute bar to his right to object to the disclosure of items where, as here, the disclosure request is palpably improper *(see, Starling v Warshowski,* 148 AD2d 441; *Sprague v International Business Machs. Corp.,* 114 AD2d 1025). We find the court did not improvidently exercise its discretion by striking the interrogatories in their entirety. However, the plaintiff may re-serve (in the manner directed by statute) interrogatories in proper form tailored to relevant issues.

We note that this action has been pending for 5½ years. Although we have increased the amount of pendente lite maintenance in this case because of the special circumstances, we reaffirm this court's general disapproval of the practice of appealing orders granting pendente lite relief *(see, Tillinger v Tillinger,* 141 AD2d 535; *Lee v Lee,* 131 AD2d 820). Finally, we direct that the parties proceed to trial with all due speed. Kooper, J. P., Harwood, Rosenblatt and Miller, JJ., concur.