■ BERNARD GOZ, Appellant, v PATRICIA GOZ, Respondent.— Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about March 11, 1988, which, *inter alia,* granted defendant's motion for temporary maintenance, unanimously affirmed, without costs.

The proper remedy for a pendente lite award claimed to be unfair is an expeditious trial. *(Ritter v Ritter,* 135 AD2d 421, 424.) These parties have already had a trial and any alleged improprieties in the temporary award can be rectified in the permanent award.

Moreover, plaintiff husband has not demonstrated that this award should be modified. The court below obviously used as a guideline in determining the amount of temporary maintenance the stipulation of settlement which had been agreed to by the parties and which was appealed only by the wife. Husband contends herein that the court did not incorporate wife's part of the stipulation settlement, i.e., surrender of her share of the New Jersey rental property, into the order for temporary maintenance. However, the court apparently took this into account when it modified the order to reduce the amount owed by husband by the amount collected by wife as rent on the New Jersey property.

Husband's contentions that he was unable to afford this maintenance payment and that he could have repaired the New Jersey home to substantially increase its rental value are not supported by the record. Concur—Ross, J. P., Asch, Kassal, Wallach and Rubin, JJ.