■ AMY S. KATZENBERG, Respondent-Appellant, v HARVEY KATZENBERG, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated May 15, 1989, which (1) awarded the plaintiff wife $50 per week in maintenance, (2) required him to pay all carrying costs associated with the marital domicile, (3) ordered him to maintain certain insurance policies in the plaintiff's name, (4) ordered him to pay for the plaintiff's reasonable medical, dental and prescription drug expenses, and (5) denied his request for interim counsel fees. The plaintiff wife cross-appeals from so much of the same order as (1) awarded her the sum of only $50 per week in maintenance, (2) denied her request that the defendant be required to maintain a $1,000,000 life insurance policy naming her as the beneficiary, and (3) denied her request for an award of $10,000 in interim counsel fees.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We discern no improvident exercise of discretion in the Supreme Court's disposition of the parties' respective pendente lite applications and find that "[d]ue consideration was given to the plaintiff's needs as well as the defendant's ability to provide for those needs" *(Isham v Isham,* 123 AD2d 742; *Chosed v Chosed,* 116 AD2d 690; *Van Ess v Van Ess,* 100 AD2d 848). Notably, the provisions of the Domestic Relations Law which pertain to pendente lite relief are merely intended to "tide over the more needy party, not to determine the correct ultimate distribution" *(Yecies v Yecies,* 108 AD2d 813, 814).

The court's award of maintenance in the sum of $50 per week was appropriate in light of (1) the substantial individual assets possessed by the plaintiff, (2) her employment skills and ability to obtain work, (3) the defendant's ability to pay, and (4) the standard of living enjoyed by the parties during this brief marriage of only approximately nine months' duration *(cf., Stewart v Stewart,* 96 AD2d 939).

We note in this respect that the court also ordered the defendant to pay all carrying and maintenance costs associated with the parties' Manhasset home, where the plaintiff is presently residing, and further ordered the defendant to maintain insurance for the plaintiff's benefit and to pay all of the plaintiff's reasonable medical, dental and prescription drug expenses. Although the defendant contends that he lacks the financial means to comply with the court's order, the record supports the Supreme Court's conclusion to the contrary. In any event, "the most effective remedy for resolution of the disputed issues of financial capacity and standard of living is a speedy trial" *(Hrisikos v Hrisikos,* 155 AD2d 417; *Caviolo v Caviolo,* 155 AD2d 410; *see also, Marohn v Marohn,* 157 AD2d 771; *Basch v Basch,* 114 AD2d 829; *Romanoff v Romanoff,* 111 AD2d 158). Harwood, J. P., Balletta, Rosenblatt and Ritter, JJ., concur.