■ ELLEN ROSENTHAL, Respondent, v RICHARD ROSENTHAL, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Capilli, J.), dated August 21, 1989, as granted those branches of the plaintiff wife's motion which were to compel him to pay for all repairs to the marital residence, and to be responsible for the marital residence's lawn and garden upkeep, and denied those branches of his cross motion which were to reduce his pendente lite maintenance obligation to the wife, and to compel the wife to execute documents necessary to refinance or secure an equity loan on the marital residence.

Ordered that the order is modified, as a matter of discretion, by granting that branch of the husband's cross motion which was to reduce the defendant's pendente lite maintenance obligation to the extent of reducing that obligation from $175 to $125 per week; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"The purpose of temporary maintenance is 'to insure that the needy spouse is provided with sufficient funds to meet his

or her reasonable needs pending trial' " *(Crowley v Crowley,* 120 AD2d 559, quoting from *Belfiglio v Belfiglio,* 99 AD2d 462). "Although a speedy trial is ordinarily the proper remedy to rectify inequities in an order directing the payment of temporary maintenance, pendente lite relief may be modified on appeal where justice so dictates * * *. When the ordered maintenance payments are so prohibitive as to prevent the payor spouse from meeting his or her own financial obligations, relief may be granted" *(Wesler v Wesler,* 133 AD2d 627, 628).

The husband here, who currently pays the wife $175 per week for temporary maintenance, is also responsible for paying virtually all of the wife's expenses, including her household, automobile, and medical expenses. In addition, the husband now has temporary custody of the parties' two sons, and is solely responsible for their support. The record supports the husband's contention that his monthly financial obligations exceed his net monthly income. Under the circumstances of this case, a reduction of the wife's maintenance payments to $125 per week will provide her with sufficient funds to meet her reasonable needs pending trial, and will enable the husband to meet his financial obligations. We have considered the husband's remaining contentions, and find them to be without merit.

In light of the history of delays, the parties should proceed expeditiously with discovery and trial of this action. Mangano, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.