■ CATHERINE RANIOLO, Respondent, v GEORGE A. RANIOLO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated March 29, 1990, as granted that portion of the plaintiff wife's motion for interim financial relief which was for temporary maintenance to the extent of directing that the defendant pay the plaintiff $1,200 per week as temporary maintenance.

Ordered that the order is modified, on the facts and as a matter of discretion, by reducing the plaintiff's temporary maintenance from $1,200 per week to $600 per week; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Although this court has often stated that " '[t]he most expedient and best remedy for any perceived inequities in [pendente lite] awards is to press for an early trial' " *(Tillinger v Tillinger,* 141 AD2d 535, 536), under some circumstances "relief may be granted on appeal in the interest of justice" *(Onorato v Onorato,* 131 AD2d 650; *see also, Wesler v Wesler,* 133 AD2d 627, 628). It is well settled that the provisions of the Domestic Relations Law which authorize pendente lite relief are merely intended to "tide over the more needy party, not to determine the correct ultimate distribution" *(Yecies v Yecies,* 108 AD2d 813, 814; *Isham v Isham,* 123 AD2d 742), and that "[t]he primary concern of the court in determining an application for temporary maintenance is the respective financial conditions of the parties and the movant's need for such support pending trial" *(Onorato v Onorato, supra,* at 650).

In this case, an examination of the defendant's tax returns for 1986 and 1987 indicates that when certain tax deductible items (e.g., automobile expenses, depreciation, gifts and entertainment) are added to the net profit from his medical practice, the defendant averaged about $170,000 per year in available income. In addition, the defendant had recently started a new diet center which he estimated would provide him with another $25,000 in 1989. Thus, the defendant was enjoying a cash flow to him of almost $200,000 per year.

However, the record also indicates that the defendant's fixed obligations—i.e., the payments on mortgages and equity loans necessary to preserve marital assets—total almost $140,000 per year. The court's pendente lite award of $1,200 per week for temporary maintenance and $150 per week for temporary child support, calculated on an annual basis, would add another $70,200 per year to the defendant's debt obligations. When the pendente lite award is added to the defendant's other obligations arising from the marital assets, the defendant's total obligations of approximately $210,200 per year clearly exceed the estimated amount of income that can be safely attributed to him.

Accordingly, we have modified the award for temporary maintenance to the extent indicated *(see, Rosenthal v Rosen-*

*thal,* 173 AD2d 453; *Match v Match,* 134 AD2d 210; *Crowley v Crowley,* 120 AD2d 559). Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.