■ LORRAINE FASCALDI, Respondent, v LOUIS FASCALDI, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered April 25, 1990, as granted that branch of the motion of the plaintiff wife which was for $600 per week in pendente lite maintenance.

Ordered that the order is modified, as a matter of discretion, by reducing the award of pendente lite maintenance to $100 per week; and as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Although a speedy trial is the proper remedy for inequities in an order directing pendente lite relief in the form of temporary spousal maintenance *(see, Bernstein v Bernstein,* 143 AD2d 168; *Wesler v Wesler,* 133 AD2d 627, 628), when the support payments are "so prohibitive as to strip the payor spouse of income and assets necessary to meet his or her own expenses, relief may be granted in the interest of justice" *(Chachkes v Chachkes,* 107 AD2d 786, 787; *see also, Wesler v Wesler, supra; cf., Colabella v Colabella,* 86 AD2d 643).

In making an award of temporary maintenance, the court must consider the financial needs of the party requesting the support and the parties' respective financial conditions *(see,* Domestic Relations Law § 236 [B] [6] [a]; *Chachkes v Chachkes, supra; Van Ess v Van Ess,* 100 AD2d 848). The award should be an accommodation between the reasonable needs of the moving party and the financial ability of the other spouse *(Salerno v Salerno,* 142 AD2d 670, 672).

In the present case, the award to the wife of temporary maintenance in the amount of $600 per week was excessive in light of the other support obligations imposed on the husband by a prior order of the same court dated January 11, 1990. Under that earlier order, the husband was directed to pay child support; the monthly carrying charges on the marital residence; the cost of the maintenance and operation of the

wife's automobile; health, dental, and hospital insurance; any unreimbursed medical or hospital bills; and the tuition of the parties' infant son, for a total of over $750 per week.

With the additional maintenance award the husband is obligated to pay $1,350 per week, exceeding his weekly income of $1,224 and leaving him with insufficient funds to meet his own needs. Under these circumstances, and since the wife is receiving $276 per week in salary and $66 per week in interest income, an award of $100 per week would be sufficient. Bracken, J. P., Lawrence and Copertino, JJ., concur.

Miller, J., concurs in part and dissents in part and votes to modify the order appealed from by reducing the award of pendente lite maintenance to $300 per week, with the following memorandum: I concur with my colleagues that the award to the wife of pendente lite maintenance of $600 per week is excessive, and I agree that relief must be granted in the interest of justice. I must, however, dissent from so much of their determination as reduces the award to $100 per week, an amount which, under these circumstances, I find inadequate to meet the wife's essential needs pending trial of this bitter and protracted litigation, which includes determination of issues of equitable distribution of the marital property (including a plumbing corporation), maintenance, child support, and custody.

The majority relies on the fact that in addition to the $100 maintenance which it has now awarded, the wife also presently receives $66 per week in interest income and $276 per week in salary which the husband's corporation continues to pay although she is apparently unable to work. However, the majority fails to recognize that that salary may be terminated at any time at the husband's whim, relegating her to a third expensive application for further pendente lite relief. The husband's corporation has already reduced her original salary from approximately $600 per week to $276 per week.

In addition, in my view, the majority also overlooks the fact that its determination reducing the wife's maintenance to $100 per week not only provides inadequate support for her most minimal needs, but places her in a grossly disparate bargaining position in settling or litigating the case, since the trial court has denied her pendente lite counsel or expert fees. The reduction in support ordered by the majority has so substantially reduced her income that she will hereafter be forced to rely either on charity, or on the willingness of counsel to proceed pro bono (at least temporarily), or representing herself *pro se.*

While I am sympathetic and recognize the heavy financial burden placed upon the husband who must pay not only child support in the sum of $203 per week for the party's child, but $1900 per month for the mortgages, taxes, and utilities of the marital residence, he, as the healthy owner and employee of a going business, is in a far better position to deal with these unavoidable expenses than his wife, who is seriously ill, apparently unemployed, and apparently unemployable. Moreover, I note that when the court directed the husband to pay the expenses of the marital residence, it contemplated that he would be residing there with the wife and their son. In paying this expense, therefore, the husband is essentially providing shelter for himself and his family as well as preserving a marital asset in which he claims a significant interest.

I note with disfavor the fact that the husband has attempted to mislead the court in representing in his reply brief that the wife is receiving $170 per week in disability payments. In actuality, the husband was informed as early as July 1990 that the wife's disability payments had been terminated, with finality. The husband's reply brief containing the misrepresentation was submitted thereafter, in October 1990.

For the reasons above stated, I would reduce the temporary maintenance award to the wife from the sum of $600 to the sum of $300 per week.