■ MORTGAGE ACCESS CORP., Respondent, v EDWARD K. HEDBERG et al., Appellants, et al., Defendant. [661 NYS2d 537] —In a mortgage foreclosure action, the defendants appeal from (1) a decision of the Supreme Court, Dutchess County (Jiudice, J.), dated June 25, 1996, and (2) an amended judgment of the same court, also dated June 25, 1996.

Ordered that the appeal from the decision dated June 25, 1996, is dismissed, without costs or disbursements, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp., 100 AD2d 509)*; and it is further,

Ordered that the amended judgment is affirmed, without costs or disbursements, for reasons stated by Justice Jiudice at the Supreme Court, in his decision dated June 25, 1996. Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.

■ ADELE MOTTOLA, Respondent, v LOUIS MOTTOLA, Appellant. [661 NYS2d 537] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Marrero, J.), dated August 27, 1996, as required him to pay temporary maintenance in the sum of $865.08 per month.

Ordered that the order is modified by deleting subparagraph (c) of the decretal paragraph and substituting therefor a provision directing the defendant to pay temporary maintenance in the sum of $117 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Although the most expedient and best remedy for any perceived inequities in pendente lite awards is to press for an early trial *(see, Tillinger v Tillinger, 141 AD2d 535)*, relief may be granted on appeal in the interests of justice *(see, Raniolo v Raniolo, 185 AD2d 974; Onorato v Onorato, 131 AD2d 650)*.

Here, the court erred in awarding the plaintiff maintenance in excess of the husband's ability to pay. In considering a pendente lite application, the court must accommodate the competing factors of the reasonable needs of the spouse seeking support and the financial means of the supporting spouse *(see, Crowley v Crowley, 120 AD2d 559; Colin v Colin, 113 AD2d 817; Van Ess v Van Ess, 100 AD2d 848; cf., Sloan v Sloan, 127 AD2d 650)*.

The sum of $117 per month constitutes an appropriate award under the circumstances presented *(see, Raniolo v Raniolo, supra; Marohn v Marohn, 157 AD2d 771; Isham v Isham, 123 AD2d 742; Yecies v Yecies, 108 AD2d 813)*. Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.