■ ANITA SCHANBACK, Respondent-Appellant, v MARTIN SCHANBACK, Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the parties cross-appeal from stated portions of a judgment of the Supreme Court, Nassau County (Burstein, J.), entered September 19, 1988, which determined the financial issues presented, and (2) the defendant husband appeals from so much of an order of the same court, dated November 9, 1988, as denied that branch of his motion which

was to resettle the judgment to "omit the compounding of the interest on the distributive award".

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated November 9, 1988, is dismissed, without costs or disbursements.

The complex economic issues presented in this matrimonial action were the subject of an exhaustive trial before Judicial Hearing Officer Marilyn Friedenberg. In *Schanback v Schanback* (130 AD2d 332), this court held that the Judicial Hearing Officer who presided at the trial of the action was improperly authorized to "hear and determine" the issues and should instead have been directed to "hear and report". In order to correct this error, the matter was remitted to the Supreme Court, Nassau County, for de novo findings of fact based upon its review of the record of the trial. Our decision in the prior appeal hinged entirely on this procedural point, and we expressly noted that it was unnecessary to resolve the numerous substantive issues which had been raised in that appeal *(Schanback v Schanback, supra,* at 345).

After the remittitur, and after the parties had made motions either to confirm or disaffirm stated portions of the original report of the Judicial Hearing Officer, the Supreme Court directed the Judicial Hearing Officer to issue an additional report clarifying how, if at all, tax considerations had entered into her calculations. Thereafter, the Judicial Hearing Officer, in a report, dated July 27, 1988, provided several examples of how various tax-related issues had in fact been considered. The Supreme Court, in the judgment appealed and cross-appealed from, adopted the recommendations of the Judicial Hearing Officer, as reflected in the report dated July 27, 1988, and an earlier report. We conclude that these various findings are supported by the evidence and, therefore, the judgment should be affirmed insofar as appealed and cross-appealed from.

The primary argument advanced by the defendant is that "the tax consequences of the distributive award were not considered". The most concise and most direct response to this argument is that it is completely belied by the text of the report of the Judicial Hearing Officer dated July 27, 1988. The defendant's actual objection is not to the court's failure to *consider* tax issues, but rather its failure to award him a greater share of property based upon such considerations.

It might be true that the Supreme Court failed to anticipate certain tax ramifications which, the defendant now alleges, will diminish the value of his award. However, any possible oversight in this regard is clearly attributable to the defendant's failure to present, either at the trial or in support of his motion to disaffirm stated portions of the report of the Judicial Hearing Officer, expert testimony sufficient to alert the court to the precise nature of his current tax-related arguments, much less to provide reliable factual support for such arguments. A trial court may properly disregard the tax consequences of its award where the only testimony relating to any supposed tax consequences is vague, speculative, contradictory, unreliable, imprecise, or hopelessly confusing *(see generally, Lauricella v Lauricella,* 143 AD2d 642, 645; *Gluck v Gluck,* 134 AD2d 237, 239; *Povosky v Povosky,* 124 AD2d 1068).

We conclude that, based on our review of the record, the tax-related evidence adduced by the defendant was neither sufficiently clear to apprise the trial court of the issues now being raised on appeal, nor sufficiently reliable to warrant the drastic restructuring of the judgment which he proposes. In fact, we find that much of the new tax-related evidence being submitted on appeal under the guise of legal argument is entirely unreliable and can best be described as misleading. In sum, the Supreme Court committed no error in respect to its alleged failure to give more consideration to tax issues than that reflected in the second report of the Judicial Hearing Officer.

The plaintiff requests a modification of the judgment so as to fix the date the action was commenced, March 26, 1982, as the date from which interest on the distributive award should accrue. Assuming, without deciding, that statutory authority for an award of prejudgment interest in this case exists *(e.g.,* CPLR 5001 [a]), we find that the Supreme Court did not improvidently exercise its discretion in declining to grant prejudgment interest. The Judicial Hearing Officer compensated for any apparent inequity which might result from the failure to award prejudgment interest *(see,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:26, at 290) by making adjustments in the size of the plaintiff's distributive award.

The appeal from the order dated November 9, 1988, is dismissed, as no appeal lies from an order denying resettlement of the decretal paragraphs of a prior judgment *(see, Blume v Blume,* 124 AD2d 771). However, the issue raised on that motion may be reviewed upon the defendant's appeal

from the judgment. We find no error with respect to the provisions in the judgment which require that a distributive award be paid in accordance with a carefully considered timetable, and which directs that if the payments are not made in accordance with that timetable, then interest will accrue at the legal rate, and will be compounded quarterly (see, Maloney v Maloney, 137 AD2d 666, 667 [authorizing compounding of interest on principal amount of distributive award]).

We have examined the parties' remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.