■ BRIAN G. HOLIHAN, SR., Appellant-Respondent, v MARGARET K. HOLIHAN, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, (1) as limited by his brief, from stated portions of a judgment of the Supreme Court, Rockland County (Weiner, J.), dated March 18, 1988, which, *inter alia,* (a) awarded him only 20% of the value of the defendant wife's license to practice law, (b) failed to determine the value of the wife's pension plan, (c) directed him to pay a portion of the children's college expenses, and (d) directed him to pay certain carrying charges on the marital residence, and (2) from so much of an order of the same court, dated October 19, 1988, as denied his motion to resettle the judgment to eliminate the requirement that he pay certain carrying charges on the marital residence, and the defendant wife cross-appeals, as limited by her brief, from stated portions of the judgment, which, *inter alia,* determined that the husband was entitled to an award of $116,739.80, representing 20% of the value of her license to practice law, failed to determine the value of the husband's guidance counselor license and to award her a portion thereof, awarded the husband 50% of the value of her pension, awarded the husband 50% of a Dreyfus Liquid Asset Fund, and failed to award her child support.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies from an order denying resettlement of the decretal paragraphs of a judgment; and it is further,

Ordered, that the judgment is modified by deleting the provision of the third subparagraph of the fifth decretal paragraph thereof which directed the parties to determine the value of the wife's pension; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a determination of the value of that portion of the wife's pension which constitutes marital property.

The parties were married for 24 years prior to the commencement of this action. For 13 years of the first 15 years of the marriage, the wife remained at home to raise their five children while the husband, a teacher and guidance counselor, supported the family. In 1975, the parties agreed, due to mounting debts and a desire to provide college educations for their children, that the wife would pursue a law degree rather than return to a teaching career. She completed law school in 1978 and thereafter worked full time for a law firm.

The parties were divorced following a trial at which expert testimony was offered as to the value of the wife's license to practice law and the husband's license from the New York City Board of Education as a guidance counselor. The court was presented with conflicting expert opinions as to the value of the wife's license. On this record, we decline to interfere with the court's exercise of its discretion to choose between conflicting expert opinions in such matters (see, Rosenberg v Rosenberg, 155 AD2d 428; Behrens v Behrens, 143 AD2d 617). Furthermore, we find that an award of 20% of the value of the license to the husband was appropriate, considering his contributions to its acquisition and the remaining factors under Domestic Relations Law § 236 (B) (5) (d) (1)-(10).

The husband's license as a guidance counselor was obtained following a course of study during the marriage and therefore constituted marital property (see, O'Brien v O'Brien, 66 NY2d 576; McGowan v McGowan, 142 AD2d 355). However, the court found that the wife failed to establish the value of this asset. We agree. The testimony of the wife's expert witness did not establish that the license had substantially enhanced the husband's future earnings, since the method used to determine the value of the license did not include a calculation of

the earnings the husband could have expected without the license *(see, O'Brien v O'Brien, supra; McGowan v McGowan, supra).*

The court distributed 50% of the remaining marital assets to each party. Considering the circumstances of the case and of the respective parties, we find that this division of the assets was proper *(see, Miller v Miller,* 128 AD2d 844; Domestic Relations Law § 236 [B] [5] [d]). The court's direction that the husband pay one half of the carrying charges of the marital residence was reasonable in view of the fact that the husband was awarded one half of the proceeds of the sale of the residence. Similarly, there is ample support for the court's determination that special circumstances exist which justify requiring the husband to contribute to the children's college educations *(see, Behrens v Behrens, supra; Frankel v Frankel,* 82 AD2d 796). Both parents are college graduates and, by the time of the trial, four of the parties' five children had either completed college or were enrolled in college. However, in view of the disparity in the parties' incomes, the amount that the husband was required to pay for college expenses and carrying charges on the marital residence, and the absence of evidence in the record as to the wife's expenses attributable to the unemancipated children, we find no error in the court's denial of an award to the wife for child support.

The court made a distributive award to the wife of one half of the value of the husband's pension. Evidence was submitted at the trial that the wife participated in a pension plan through her employment. Since this pension was, in part, marital property, the court properly concluded that it was subject to distribution *(see, Damiano v Damiano,* 94 AD2d 132). It directed the parties to determine its value. We conclude that the better procedure would be for the court to determine the value of the pension based on an appraisal submitted by the parties, or, if necessary, by testimony taken at a hearing limited to this issue. Accordingly, we remit the matter to the Supreme Court, Rockland County, for that purpose. Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.