■ ROSE N. DICAPRIO, Appellant-Respondent, v GORDON B. DICAPRIO, Respondent-Appellant.—Judgment modified on the law and facts and as modified affirmed without costs, in accordance with following memorandum: Plaintiff wife was granted a divorce on the ground of cruel and inhuman treatment (Domestic Relations Law § 170 [1]). The parties stipulated to resolution of several issues, including custody of a minor child, but asked the court to determine maintenance, child support, and issues of equitable distribution. Defendant holds a Master's degree and a permanent certificate in school administration.

After a hearing, plaintiff was awarded maintenance of $425 per week, child support of $50 per week, exclusive use of the marital residence, and all of the household furnishings. The court determined that defendant's degree and certificate are

marital property, but declined to award plaintiff a share in their value. The court reasoned that the degree and certificate served to produce higher income for defendant which "improved the standard of living for the family, allowed the acquisition of the other marital assets to be accomplished, and increased the Plaintiff's share of the Defendant's pension." The court found it appropriate, therefore, to make a generous award of maintenance to plaintiff but did not separately distribute the asset.

Defendant appeals from that part of the judgment that awarded permanent maintenance and the home furnishings to plaintiff, and declared that his Master's degree and permanent certificate are marital property. On plaintiff's cross appeal she contends that the court erred in failing to award her a distributive share of the value of the degree and certificate.

Supreme Court properly determined that defendant's Master's degree and permanent certificate are marital property because they are items of economic value that were acquired during the marriage (see, O'Brien v O'Brien, 66 NY2d 576; McGowan v McGowan, 142 AD2d 355, 358). The court erred, however, in failing to award plaintiff a distributive share of the value of the degree and certificate. Domestic Relations Law § 236 (B) (5) (c) provides that marital property "shall be distributed equitably between the parties". Where an equitable distribution "is appropriate but would be impractical or burdensome * * * the court in lieu of such equitable distribution shall make a distributive award in order to achieve equity between the parties" (Domestic Relations Law § 236 [B] [5] [e]).

Here, the method employed by plaintiff's expert to determine the enhancement of defendant's earning power resulting from the degree and certificate properly took into account that the degree and certificate had merged into the value of defendant's professional career (see, Finocchio v Finocchio, 162 AD2d 1044 [decided herewith]; McGowan v McGowan, 142 AD2d 355, 359, n, supra; Marcus v Marcus, 137 AD2d 131, 139). His projections of defendant's future earnings were properly based upon defendant's actual earnings. He compared the salary that defendant actually earned as an administrator with that which he would have earned had he remained as a teacher, reduced the difference to reflect taxes paid, multiplied the result by the number of years remaining in defendant's working life, and then discounted the total to present value. The expert concluded that the discounted net present value of defendant's earning enhancement as a result of the degree

and certificate is $77,950. In our view, that valuation is realistic and reasonable.

In determining plaintiff's equitable share of these assets, we have considered the relevant statutory factors (see, Domestic Relations Law § 236 [B] [5] [d]). Specifically, we note that this was a 29-year marriage (Domestic Relations Law § 236 [B] [5] [d] [2]), that plaintiff was awarded generous maintenance (Domestic Relations Law § 236 [B] [5] [d] [5]), that the assets in question are nonliquid in character (Domestic Relations Law § 236 [B] [5] [d] [7]), and that it is not economically feasible to award plaintiff an actual share of the degree and certificate (Domestic Relations Law § 236 [B] [5] [d] [9]). Additionally, it cannot be questioned on this record that defendant expended unusual personal and economic efforts to achieve the assets. Plaintiff's contributions to their acquisition were noneconomic as spouse, mother and homemaker (Domestic Relations Law § 236 [B] [5] [d] [6]). Accordingly, we conclude that plaintiff is entitled to 25% of the value of the degree and certificate (see, Arvantides v Arvantides, 106 AD2d 853, mod 64 NY2d 1033) and we direct a distributive award to plaintiff in the sum of $19,487.50 to be paid by defendant in four annual installments of $4,000 and a final installment of $3,487.50.

Plaintiff's counsel conceded at oral argument that upon an award to plaintiff of a distributive share of the value of the degree and certificate, a reduction of the award of maintenance would be warranted. We agree with that view. On consideration of the reasonable needs and resources of the parties, we find that the award of maintenance to plaintiff should be reduced to $350 per week. We also find that the distribution of the remaining assets was, in all respects, proper.

All concur, except Lawton, J., who dissents and votes to affirm the judgment, in the following memorandum.

Lawton, J. (dissenting). I respectfully dissent. In O'Brien v O'Brien (66 NY2d 576) it was recognized that a professional license obtained during a marriage constitutes marital property that may be separately valued and distributed. Once a license has had sufficient time to merge into a career, professional practice or business, however, it no longer has independent value (see, e.g., Marcus v Marcus, 137 AD2d 131, 139). If the license or degree merges into a private practice or business that is formed during a marriage, then the private practice or business, like any other business, regardless of when the license or degree was obtained, is marital property

that must be valued and distributed *(see, Van Ess v Van Ess,* 100 AD2d 848; *Litman v Litman,* 93 AD2d 695, *affd* 61 NY2d 918).

If, on the other hand, a party who earns a degree or license during marriage does not go into business or private practice but, rather, as here, works for wages, the degree or license merges into a career. A career, whether it be in law, teaching, mechanics, or any other chosen field of endeavor, unlike a business or private practice, does not constitute marital property, nor can it be valued *(see, Parlow v Parlow,* 145 Misc 2d 850). In such cases other valuable marital assets (e.g., in this case, pension rights) are accumulated during the course of the marriage which upon divorce can be distributed.

Considering the length of the marriage and the extent of defendant's career development, in my opinion any independent value attributable to his degree and teaching certificate merged into his educational career and no separate valuation of defendant's enhanced earning capacity for the years remaining postdivorce in defendant's working life is required or is appropriate.

Valuation of future enhanced earnings is only to be considered when there is insufficient time for the value of the license to merge into a practice or a career *(O'Brien v O'Brien, supra).* The majority's holdings here and in *Finocchio v Finocchio* (162 AD2d 1044 [decided herewith]) have unnecessarily expanded the concept of enhanced earning capacity as a separate item to be valued and distributed to all circumstances where a license or degree is obtained during a marriage. Thus, whenever a degree or license is earned during a marriage, the other spouse will always be entitled to a percentage of his or her spouse's enhanced earning capacity resulting from that enhancement for the remainder of that spouse's working life. The license or degree, under the majority view, never fully merges into one's career, practice or profession until one retires. Simply stated, the other spouse is entitled to a percentage of his or her spouse's enhanced earnings for life. Such an approach in my opinion creates great inequities and, in the words of one court, "transmute[s] the bonds of marriage into the bonds of involuntary servitude" *(Severs v Severs,* 426 So 2d 992, 994 [Fla]). An example of this inequity is that, under present New York law, the spouse of a person who starts a business during a marriage would only be entitled upon divorce to a percentage of the business's present fair market value. That spouse would not be entitled to a percentage of the future enhanced earning capacity resulting from the

operation of the business for the remaining years of his working life. There is no rational basis to discriminate between a spouse of one who earns a license during a marriage and a spouse of one who starts a business.

The majority's holding also should be rejected for another, more practical reason. The majority's holding that the spouse of any person who has acquired enhanced earning capacity during marriage should be entitled, upon divorce, to a percentage of the spouse's enhanced earnings for the years remaining postdivorce in his working life cannot in fairness be limited to professional licenses. By way of example, postdivorce enhanced earning capacity valuation and distribution should, to be evenhanded, apply whether the enhancement occurs by degree or license (professional or plumber's), by passing civil service exams, or by acquiring advanced skills, e.g., studying and becoming a master craftsman. It is both illogical and "indefensible elitism and offensive snobbery" to exclude such other less formal means of individual improvement (Scheinkman, 1988 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, 1990 Pocket Part, Domestic Relations Law C236B:6, at 31). Enhanced earning skills which naturally occur during most individuals' working lifetimes would under the majority's holding be required to be valued and distributed. With both spouses enjoying careers these days, the majority's holding will needlessly complicate and unduly protract the disposition of the growing number of divorce actions. Furthermore, by so holding, are we not also creating a form of permanent maintenance, reduced to present value, to which the other spouse is always entitled? The danger also exists that any contemporaneous maintenance award will result in double compensation. This danger is recognized in part by the majority's decision to reduce the maintenance award by reason of its holding.

The Court of Appeals decision in *O'Brien (supra)* was never intended, in my opinion, to be expanded to create the result reached by the majority. In my opinion, we should reject the concept embodied here and in *Finocchio (supra)* that requires the valuation and distribution of a spouse's postdivorce enhanced earning capacity. Such matters are best handled by maintenance awards, as stated by the Trial Justice in framing his awards in this case. (Appeals from judgment of Supreme Court, Onondaga County, Donovan J., on opn; Hurlbutt, J., on judgment—divorce.) Present—Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.