◼ KENNETH RITZ, Appellant-Respondent, v BRENDA RITZ, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from stated portions of a judgment of the Supreme Court, Dutchess County (Benson, J.), entered November 18, 1988, which, after a nonjury trial, inter alia, (1) made the allocation of maintenance and child support apply retroactively to the unallocated pendente lite award, and (2) awarded the wife prejudgment interest of 9% from December 31, 1983. The defendant wife cross-appeals from so much of the same judgment as fixed the principal amount of her distributive award at $275,345.

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) deleting therefrom that portion of the seventh decretal paragraph which made the allocation of maintenance and child support apply retroactively to the unallocated pendente lite award, and substituting therefor a provision allocating maintenance and child support only from the date of judgment, and allocating the additional $50 per week awarded retroactively to August 29, 1983, to child support, and (2) deleting therefrom that portion of the ninth decretal paragraph which awarded the wife prejudgment interest of 9% from December 31, 1983; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The record supports the award to the wife of 50% of the husband's interest in the Family Dental Center (hereinafter FDC). The wife made significant economic contributions to the husband's pursuit of his dental education and career, including working for four years to maintain the family while the husband was in dental school, sizeable monetary gifts to the couple by the wife's mother, and her largely unpaid employment as bookkeeper and computer specialist in the husband's private practice and later the FDC. Additionally, her noneconomic contribution as a full-time parent, spouse and homemaker were also substantial throughout the parties' 14-year marriage *(see, Marcus v Marcus,* 135 AD2d 216).

We disagree with the husband's contention that the trial court erroneously used IRS Revenue Ruling 59-60 in determining the value of the husband's interest in the FDC. It is now beyond dispute that this system is "[o]ne of the most widely accepted and comprehensive approaches to the valuation of closely held and professional corporations" *(Kaye v Kaye,* 102 AD2d 682, 687; cited with approval in *Amodio v Amodio,* 70 NY2d 5, 7). Contrary to the husband's contention, it is not enough that the expert he presented has valued more dental practices than has the wife's expert. Where there is a conflict between the methods employed by the experts for the adverse parties, the resolution of the issue of credibility is properly for the finder of fact *(Holihan v Holihan,* 159 AD2d 685; *Stempler v Stempler,* 143 AD2d 410, 412). In a careful and well-reasoned decision, Justice Benson explained the reasons for his choice of the figures and method of valuation presented by the wife's expert. We find no fault with Justice Benson's adjustments, which were reasonable and based on the evidence presented.

However, we find that it would be inappropriate to award prejudgment interest on the distributive award *(see, Schanback v Schanback,* 159 AD2d 498; *cf., Largiader v Largiader,* 151 AD2d 724; *Povosky v Povosky,* 124 AD2d 1068).

In view of the husband's reliance on the Supreme Court's deliberate determination to leave the pendente lite award unallocated, we find that it would be inappropriate in the particular circumstances of this case to order that the allocation of maintenance and child support by the Supreme Court retroactively apply to the unallocated pendente lite award.

The remaining contentions of the parties are without merit. Kooper, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.