(April 29, 1991)

■ JOAN ANDROVETT, Respondent, v HARRY ANDROVETT, Appellant.—In an action for a separation and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated November 6, 1989, as, upon reargument and renewal, modified a prior order of the same court, dated August 28, 1989, by awarding temporary maintenance to the plaintiff wife of $1,750 per month.

Ordered that the order dated November 6, 1989, is modified, on the law and as a matter of discretion, by reducing the award of temporary maintenance to $1,000 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Notwithstanding the fact that a speedy trial is ordinarily the proper remedy to rectify inequities in orders directing payment of temporary maintenance, pendente lite relief may be modified on appeal where the interest of justice warrants (see, Wesler v Wesler, 133 AD2d 627, 628). Where court-ordered temporary maintenance payments are so prohibitive as to prevent the payor spouse from meeting his or her own financial obligations, relief may be granted (see, Wesler v Wesler, supra; Crowley v Crowley, 120 AD2d 559; Chachkes v Chachkes, 107 AD2d 786).

In the instant case, the record reveals that the defendant cannot meet the financial obligations imposed upon him by the Supreme Court's order without virtually exhausting his entire net monthly income. The subject award did not adequately take into account the defendant's reasonable needs (see, Hill v Hill, 121 AD2d 270). Accordingly, the circumstances of this case warrant a reduction of temporary maintenance to the sum of $1,000 per month. This amount suffices to meet the plaintiff's expenses and constitutes a reasonable accommodation between the parties (see, Crowley v Crowley, supra; Van Ess v Van Ess, 100 AD2d 848). Thompson, J. P., Brown, Kunzeman and Balletta, JJ., concur.