■ SANDRA P. WEST, Appellant, v REXFORD L. WEST, Respondent. [625 NYS2d 116] —Order unanimously affirmed without

costs. Memorandum: Plaintiff appeals from Supreme Court's dismissal of that portion of her complaint seeking "the valuation of [defendant's] enhanced earning capacity as the result of his banking career". The cases relied upon by plaintiff are inapposite. The principles enunciated in *O'Brien v O'Brien* (66 NY2d 576) and its progeny are premised on the determination that a professional degree or license obtained during the marriage is a marital asset and as such is subject to equitable distribution. The value of the license or degree is "the enhanced earning capacity it affords the holder" *(O'Brien v O'Brien, supra,* at 588). Because plaintiff does not allege that she is seeking equitable distribution of defendant's enhanced earning capacity as a result of a professional degree or license, her reliance on *DiCaprio v DiCaprio* (162 AD2d 944, *lv denied* 77 NY2d 802) and *Finocchio v Finocchio* (162 AD2d 1044) is misplaced. *DiCaprio* involved the valuation of a Master's degree and a permanent certificate in school administration, which we held to be marital property; we concluded that plaintiff was entitled to an equitable share of those assets, including the enhancement of defendant's earning power "resulting from the degree and certificate" *(DiCaprio v DiCaprio, supra,* at 945). Similarly, in *Finocchio,* we concluded that the nonlicensee spouse was entitled to an equitable share of defendant's enhanced earning capacity resulting from defendant's license to practice law.

Plaintiff also relies on two celebrity goodwill cases, *Elkus v Elkus* (169 AD2d 134, *lv dismissed* 79 NY2d 851) and *Golub v Golub* (139 Misc 2d 440). In those cases, the courts concluded that the celebrity goodwill of well-known entertainers, whose spouses had aided in advancing their careers, was marital property subject to equitable distribution. Unlike an opera singer who "has risen to the top in a field where success is rarely achieved" *(Elkus v Elkus, supra,* at 139), defendant is not engaged in a unique career.

We agree with the court that plaintiff offered no evidence "to lead to a legal conclusion that the undergraduate degree was the *sine qua non* for the significant advancement of [defendant]" and that defendant's attendance at the Harvard Advanced School for Banking did not constitute marital property because it yielded no advanced degree or license. Thus, the court properly granted defendant's motion for summary judgment dismissing that portion of the complaint seeking equitable distribution of defendant's alleged "enhanced earn-

ing capacity". (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Equitable Distribution.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.