■ JANIS HILLS, Respondent, v MARTIN HILLS, Appellant. [660 NYS2d 36] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Burke, J.), entered May 7, 1996, which, *inter alia,* awarded the wife temporary maintenance of $300 per week, temporary child support of $100 per week, arrears of $50 per week, and interim counsel fees of $7,500, and directed that the husband shall pay all necessary and reasonable non-reimbursed medical expenses of the wife.

Ordered that the order is modified by (1) deleting therefrom the provisions awarding the wife temporary maintenance of $300 per week, temporary child support of $100 per week, arrears of $50 per week, and interim counsel fees of $7,500, and directing that the husband shall pay all necessary and reasonable non-reimbursed medical expenses of the wife, and substituting therefor a provision awarding the wife temporary maintenance of $200 per week, temporary child support of $50 per week, and interim counsel fees of $5,000, and (2) adding a provision thereto directing that the husband shall not be obligated to pay for services of any of the wife's physicians who are not participants in the medical insurance plan network maintained by the husband through his employer, except for the necessary and reasonable non-reimbursed medical expenses for the services of Dr. Neil Schecker; as so modified, the order is affirmed insofar as appealed from, with costs to the husband.

Notwithstanding that a speedy trial is ordinarily the proper remedy to rectify inequities in orders directing the payment of temporary maintenance, pendente lite relief may be modified on appeal when the interest of justice warrants it. When the court-ordered temporary maintenance payments are so prohibitive as to prevent the payor spouse from meeting his own financial obligations, this Court may substitute its discretion for that of the Supreme Court (*see, Androvett v Androvett,* 172 AD2d 792; *Mulcahy v Mulcahy,* 170 AD2d 587).

The pendente lite relief awarded by the Supreme Court did

not adequately take into account the husband's reasonable needs *(see, Androvett v Androvett, supra).* The husband cannot meet the financial obligations imposed upon him by the Supreme Court without virtually exhausting his entire net monthly income. Accordingly, the circumstances of this case warrant a reduction of interim counsel fees to $5,000 and of temporary maintenance to $200 per week, the amount that the husband voluntarily agreed to pay, and deletion of the award of arrears. Moreover, since the parties' daughter is currently attending college and the husband is paying her tuition, child support is reduced to $50 per week. The husband shall not be obligated to pay for the services of any of the wife's physicians who are not participants in the medical insurance plan network maintained by the husband through his employer, except for Dr. Neil Schecker, in view of his continuing physician-patient relationship with the wife.

The husband's remaining contentions are without merit. O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.