■ Lori A. French, Respondent, v Patrick L. French, Appellant. [687 NYS2d 719] —In an action for a divorce and ancillary relief, the defendant husband appeals from (1) stated portions of an order of the Supreme Court, Suffolk County (Floyd, J.), dated January 29, 1997, which, *inter alia*, directed him to pay temporary child support in the amount of $446 per week for the parties' three children and $200 per week in temporary maintenance to the plaintiff wife, and (2) an order of the same court (Gazzillo, J.), dated May 2, 1997, which, after a hearing, *inter alia*, adjudged him to be in contempt of court for the willful failure to comply with the order dated January 29, 1997, ordered him to pay arrears in the amount of $41,698.15, committed him to the Suffolk County Correctional Facility for a term of four months, and permitted him to purge himself of the contempt by making payments in accordance with a schedule.

Ordered that the order dated January 29, 1997, is modified by (1) deleting from the fourth decretal paragraph thereof the sum of $446 and substituting therefor the sum of $300, and (2) deleting from the seventh decretal paragraph thereof the sum of $200 and substituting therefor the sum of $150; as so modified, the order is affirmed; and it is further,

Ordered that the order dated May 2, 1997, is modified by deleting therefrom the provision directing the defendant husband to pay arrears in the amount of $41,698.15; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, to recalculate the arrears in accordance herewith; and it is further,

Ordered that the plaintiff wife is awarded one bill of costs.

When the wife commenced this action for a divorce in March 1996 she immediately moved for various forms of pendente lite relief, including temporary maintenance and child support. While the motion was pending, the husband resigned from his position in a family-owned business to start his own company. As a result, the husband's gross annual salary dropped from $86,000 to about $25,000. Notwithstanding that change in circumstances, the Supreme Court imputed to the husband an annual income based on his ability to earn $86,000, plus a $12,000 expense account. Based on that imputed income, the court directed the husband to make certain payments, including $200 per week in temporary maintenance, $446 per week in temporary child support, the monthly carrying charges on the marital residence, one-half of the child care and nursery school expenses, and his wife's interim attorney's fees in the amount of $5,000. When the husband failed to make the court-ordered payments, the wife moved to hold him in contempt. After a hearing that lasted several days, the Supreme Court adjudged the husband to be in contempt for the willful failure to comply with the pendente lite order and committed him to jail for a period of four months. The court also ordered him to pay arrears in the amount of $41,698.15.

Contrary to the husband's contention, the Supreme Court did not improvidently exercise its discretion when it imputed income to him based on his past earnings and earning capacity (*see, Hickland v Hickland,* 39 NY2d 1; *Matter of Darling v Darling,* 220 AD2d 858). The husband has demonstrated, however, that the Supreme Court did not adequately consider his needs. Although the proper remedy for a perceived inequity in a pendente lite order is a speedy trial, an award may be modified on appeal in the interest of justice (*see, Hills v Hills,* 240 AD2d 706; *Androvett v Androvett,* 172 AD2d 792; *Raniolo v Raniolo,* 185 AD2d 974; *Fascaldi v Fascaldi,* 186 AD2d 532). Accordingly, the award of temporary maintenance should be reduced to $150 per week. Moreover, since the husband is already responsible for the carrying charges for the marital residence, the temporary child support obligation should be reduced to $300 per week (*see, Polychronopoulos v Polychronopoulos,* 226 AD2d 354). In light of these changes, the arrears must be recalculated.

Notwithstanding the foregoing reductions, we agree with the Supreme Court that there was a willful violation of the pendente lite order, which justified a finding of contempt. The record reveals that the husband, who used available funds to pay personal and business expenses, consistently refused to

support his family in a fashion even remotely commensurate with his ability (*see, Powers v Powers,* 171 AD2d 737). Mangano, P. J., Bracken, Krausman and Goldstein, JJ., concur.