■ ANNE L. HOUGIE, Respondent, v ROBERT E. HOUGIE, Appellant. [689 NYS2d 490] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered April 17, 1998, which denied defendant's motion for partial summary judgment dismissing so much of the complaint as seeks equitable distribution of defendant's enhanced earning capacity as an investment banker, unanimously affirmed, with costs.

Preliminarily we note that whether a particular marital asset, such as the enhanced earning capacity attributable to a particular career, is subject to equitable distribution is an issue that can be decided prior to trial (*see, e.g., Elkus v Elkus,*

169 AD2d 134, *lv dismissed* 79 NY2d 851; *West v West,* 213 AD2d 1025, *lv dismissed* 86 NY2d 885). On the merits, defendant's enhanced earning capacity as an investment banker is subject to equitable distribution regardless of whether or not such a career requires a license (*see, Elkus v Elkus, supra; but see, West v West, supra*), and the amount of such enhancement was therefore properly determined without regard to the existence of any such license. However, on appeal, in his reply brief, defendant for the first time acknowledges that during the marriage he obtained a Series 7 securities license, which is necessary to trade securities in the United States, and such license should also be taken into account in determining his enhanced earning capacity (*see, McSparron v McSparron,* 87 NY2d 275, 285-286). Concur—Rosenberger, J. P., Rubin, Mazzarelli, Saxe and Buckley, JJ.