■ ESTHER YORK, Respondent-Appellant, v JOSEPH YORK, Appellant-Respondent. [713 NYS2d 751] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Satterfield, J.),

dated January 25, 1999, which, *inter alia*, granted the plaintiff's motion for pendente lite relief, and the plaintiff cross-appeals, as limited by her brief, on the ground of inadequacy, from stated portions of the same order which, *inter alia*, granted those branches of her motion which were for an award of an attorney's fee in the sum of only $5,000 and accounting fees in the sum of only $5,000.

Ordered that the order is modified by deleting the provisions thereof (1) awarding the plaintiff temporary maintenance in the sum of $2,500 per month retroactive to November 9, 1998, (2) directing the defendant to pay all carrying charges on the marital residence, and (3) directing the defendant to pay 50% of all unreimbursed medical expenses; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new hearing with respect to those items of pendente lite relief; and it is further,

Ordered that in the interim, the defendant is directed to pay the plaintif the sum of $1,500 per month for temporary maintenance, and one-half of all carrying charges on the marital residence including but not limited to the mortgage, real estate taxes, homeowner's insurance, reasonable and necessary repairs, and maintenance and utilities in accordance with past expenditures.

A speedy trial is ordinarily the proper remedy to rectify inequities in orders awarding pendente lite relief (*see, Frankel v Frankel,* 150 AD2d 520). Nevertheless, in the interest of justice, this Court may substitute its discretion for that of the Supreme Court when the court-ordered payments are so prohibitive so as to prevent the payor spouse from meeting his or her own financial obligations (*see, Hills v Hills,* 240 AD2d 706; *Androvett v Androvett,* 172 AD2d 792). In the case at bar, it appears that the cumulative pendente lite financial obligations imposed upon the defendant by the Supreme Court exceed his income. However, we also note that there is conflicting evidence as to his financial condition. Under such circumstances, a new hearing is warranted, to the extent indicated above, with respect to the plaintiff's application for pendente lite relief.

There is no reason to disturb the court's exercise of discretion in limiting the award of interim counsel and accounting fees to a total of $10,000 (*see, Kristiansen v Kristiansen,* 144 AD2d 441). Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur. [As amended by unpublished order entered Feb. 23, 2001.]