■ ESTHER YORK, Appellant, v JOSEPH YORK, Respondent. [713 NYS2d 565] —In an action for a divorce and ancillary relief,

the plaintiff appeals, on the ground of inadequacy, from an order of the Supreme Court, Queens County (Satterfield, J.), dated June 18, 1999, which, *inter alia*, granted that branch of her motion which was for arrears only to the extent of awarding $15,830.

Ordered that the order is modified by deleting the provision thereof granting that branch of the plaintiff's motion which was for arrears to the extent of awarding $15,830, and substituting therefor a provision granting that branch of the motion to the extent of awarding $12,078.50; as so modified, the order is affirmed, without costs or disbursements.

By order dated January 25, 1999, the defendant was ordered to pay, *inter alia*, temporary child support in the sum of $1,666 per month. After the defendant failed to comply with the terms of this order, except for one payment of $10,000, the plaintiff moved, *inter alia*, to be awarded arrears.

Although the defendant has not fully complied with the order dated January 25, 1999, he did make prompt application for relief from the order, prior to the accumulation of substantial arrears (*see*, Domestic Relations Law § 236 [B] [9] [b]; *cf.*, *Osborn v Osborn*, 144 AD2d 350). Moreover, the order dated January 25, 1999, is modified to the extent indicated in *York v York*, 276 AD2d 481 (decided herewith), and the matter is remitted for a new hearing regarding, *inter alia*, temporary maintenance for the plaintiff. Under these circumstances, the plaintiff is not entitled to any pendente lite arrears pursuant to the order dated January 25, 1999, except with respect to that portion of the order which awarded temporary child support (*see*, Domestic Relations Law § 244). After applying the defendant's $10,000 payment to his court-ordered obligation to pay the plaintiff interim legal and accounting fees, which obligation was upheld in *York v York* (*supra*), and based upon the record before us, the temporary child support arrears have accrued in the amount of $12,078.50.

The plaintiff's remaining contentions herein are without merit. Bracken, J. P., Santucci, McGinity and Feuerstein, JJ., concur.