■ B. ANDREW H. SPENCE, Respondent, v PAULA P. SPENCE, Appellant. [731 NYS2d 66] —In an action for a divorce and ancil-

lary relief, the defendant wife appeals from an order of the Supreme Court, Westchester County (LaCava, J.), dated October 10, 2000, which granted the plaintiff husband's motion, in effect, for partial summary judgment determining that his enhanced earning capacity as an investment banker was not marital property.

Ordered that the order is affirmed, with costs.

The husband's enhanced earning capacity as an investment banker is not marital property subject to equitable distribution. The husband earned his MBA, Series 7 license, and Series 63 license four years before the marriage. Accordingly, his increased earning capacity is not attributable to a professional license or degree acquired during the marriage (*see, O'Brien v O'Brien,* 66 NY2d 576; *McSparron v McSparron,* 87 NY2d 275, 285; *West v West,* 213 AD2d 1025, 1026). To the extent that the decision of the Appellate Division, First Department in *Hougie v Hougie* (261 AD2d 161), holds to the contrary, we decline to follow it. Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.