■ MIRIAM KRIGSMAN, Appellant, v ARTHUR KRIGSMAN, Respondent. [732 NYS2d 438] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Kings County (Yancey, J.), dated September 30, 1999, which, *inter alia,* terminated her temporary monthly maintenance, awarded her only 25% of $732,438, the value of the marital portion of the defendant's enhanced earning capacity as determined by the court, failed to impute income to the defendant for the purpose of computing child support, directed the defendant to pay her only 70% of any unreimbursed medical and dental expenses, optical expenses, and other health care expenses of the parties' children, and 70% of the reasonable cost of educating the parties' three children, granted the defendant's motion for a downward modification of a pendente lite order dated September 26, 1997, and awarded her only $20,000 in counsel fees.

Ordered that the judgment is modified by (1) deleting the seventh decretal paragraph thereof terminating the temporary monthly maintenance paid by the defendant to the plaintiff and substituting therefor a provision awarding the plaintiff maintenance in the amount of $200 per week for a period of three years or until the plaintiff is remarried, whichever is first, (2) deleting the 12th decretal paragraph thereof and substituting therefor a provision awarding the plaintiff 50% of $1,000,000, the value of the marital portion of the defendant's enhanced earnings capacity, (3) deleting from the 15th, 16th, and 17th decretal paragraphs thereof the words "seventy (70%) percent" and substituting therefor the words "eight-five (85%) percent," (4) deleting from the 15th, 16th, and 17th decretal paragraphs thereof the words "thirty (30%) percent" and substituting therefor the words "fifteen (15%) percent," (5) deleting the sixth decretal paragraph thereof directing the defendant to pay the plaintiff the sum of $587.40 per week in child support, (6) deleting the 20th and 21st decretal paragraphs thereof granting the defendant's motion for a downward

modification of the pendente lite order and substituting therefor a provision directing the defendant to pay directly to the plaintiff the sum of $15,734.90 in arrears on the pendente lite order to be paid in monthly installments of $400, (7) deleting the 26th decretal paragraph thereof directing the defendant to pay the plaintiff's counsel an attorney's fee in the sum of $20,000 and substituting therefor a provision directing the defendant to pay directly to the plaintiff's counsel an attorney's fee in the sum of $70,000 to be paid in annual installments of no less than $20,000; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Kings County, for a recalculation of child support in accordance herewith; and it is further,

Ordered that the defendant shall commence payments of $400 per month in arrears to the plaintiff, and no less than $20,000 per year in attorney's fees to the plaintiff's counsel, 60 days after the filing of this decision and order.

The parties were married on December 29, 1985. As of that date, the plaintiff needed only six months of further schooling to obtain her associate degree in nursing and subsequently become a registered nurse. The defendant had completed his first term of medical school, and during the course of the marriage, the defendant completed medical school, fulfilled his residency, and completed a three-year fellowship at Mt. Sinai Hospital leading to his specialty as a pediatric gastroenterologist. During the marriage, the plaintiff worked part-time, choosing to remain at home as the family's primary caretaker and homemaker. She did not continue her education and has neither a bachelor's nor Master's degree in her field. The marriage lasted almost 12 years and the parties have three minor children who attend private religious-based schools.

The trial court improperly terminated the plaintiff's monthly maintenance. The mere fact that the plaintiff has the ability to become self-supporting in no way obviates the need for the trial court to consider the pre-divorce standard of living in determining the amount and duration of maintenance (see, Domestic Relations Law § 236 [B]; Hartog v Hartog, 85 NY2d 36). Here, the trial court failed to sufficiently consider both the role of the plaintiff as homemaker and caregiver of the family and the difficulty of reentering the workforce on a full-time basis without further education and training (see, Hartog v Hartog, supra; Militana v Militana, 280 AD2d 529; Rocanello v Rocanello, 254 AD2d 269; Love v Love, 250 AD2d 739). Therefore, the defendant is directed to pay the plaintiff $200

per week for up to three years or until the plaintiff is remarried, whichever comes first.

Further, the trial court improperly determined that the plaintiff is entitled to only 25% of the defendant's enhanced earning capacity and that the defendant is entitled to 25% of the plaintiff's enhanced earning capacity. The defendant played no part in the plaintiff's acquisition of her nursing degree, whereas the plaintiff essentially remained at home, caring for the parties' three children, while the defendant pursued his education and training in his specialty as a pediatric gastroenterologist. Accordingly, the plaintiff is entitled to 50% of the defendant's enhanced earnings and the defendant is entitled to no enhanced earnings from the plaintiff (*see, Ritz v Ritz,* 166 AD2d 568; *Rosenberg v Rosenberg,* 155 AD2d 428; *see also, Small v Small,* 227 AD2d 949). Additionally, the trial court did not properly determine the value of the defendant's enhanced earning capacity as a pediatric gastroenterologist. The appropriate amount, as determined by examining the larger of the two expert appraisals, is $1,000,000.

Further, the trial court failed to properly impute the defendant's income and consider the defendant's earning potential as he continues his career (*see, Mellen v Mellen,* 260 AD2d 609; *Grossman v Grossman,* 248 AD2d 536; *see also, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941). The reasonable expectation of the defendant's earnings is $170,000 per year, and by implementing the plaintiff's statement of net worth, the appropriate and realistic income of the plaintiff is $26,325 annually. The matter is remitted to the Supreme Court, Kings County, to recalculate the proper amount of child support based upon the incomes as detailed herein through the application of the Child Support Standards Act. The sum is to be paid through the Support Collection Unit (*see,* Domestic Relations Law §§ 240, 236 [B]). Further, due to the disparity in income between the parties, the defendant is responsible to pay 85% of all of the costs of education, unreimbursed medical, dental, and health care costs, optical costs, and all day care expenses.

Additionally, the defendant's motion for a downward modification of his pendente lite obligation should have been denied. The record established that the defendant had the resources available to sufficiently provide for his family as established in the pendente lite award, through the use of the bank account set up for him by his mother, and by decreasing other expenses, such as charitable donations (*see, Hills v Hills,* 240 AD2d 706). Also, the trial court improperly failed to award

the plaintiff the appropriate amount of arrears. The proper amount is $15,734.90 representing arrears in mortgage, medical, utilities, and automobile payments.

Lastly, the plaintiff's counsel is entitled to a reasonable attorney's fee from the defendant which were generated, *inter alia,* by his dilatory tactics *(see, O'Shea v O'Shea,* 93 NY2d 187; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879). Accordingly the defendant is required to pay $70,000 of the plaintiff's attorneys' fees directly to the plaintiff's counsel in the amount of no less than $20,000 per year. O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.