■ JOSHUA FRUCHTER, Appellant, v MERAV FRUCHTER, Respondent. [816 NYS2d 525]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated November 3, 2004, as imputed an income of $160,000 to him for purposes of computing pendente lite child support, directed him to pay to the defendant pendente lite child support in the sum of $2,300 per month, carrying charges on the marital home in the sum of $2,610 per month, and 51% of unreimbursed medical, educational, and child care expenses for the parties' three minor children, and appointed an appraiser to value his enhanced earning capacity arising from educational accomplishments and professional training acquired during the marriage.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof awarding the defendant pendente lite child support in the sum of $2,300 per month and substituting therefor a provision awarding the defendant pendente lite child support in the amount of $624 per month, and (2) deleting the provision thereof appointing an appraiser to value the plaintiff's enhanced earning capacity arising from educational accomplishments and professional training acquired during the marriage; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's contention that the Supreme Court improperly imputed income to him in determining his pendente lite child support obligations is without merit. A court may determine a child support obligation on the basis of a party's earning potential, rather than the party's current economic situation (*see Bittner v Bittner*, 296 AD2d 516, 517 [2002]; *McGrath v McGrath*, 261 AD2d 369 [1999]). Here, the Supreme Court properly imputed an annual income of $160,000 to the plaintiff given his past employment history and his present ownership of a successful, growing business (*see Sodaro v Sodaro*, 286 AD2d 434 [2001]; *Brown v Brown*, 239 AD2d 535 [1997]).

Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances (*see Taylor v Taylor*, 306 AD2d 401 [2003]; *Seidman v Seidman*, 304 AD2d 645, 645-646 [2003]; *Beige v Beige*, 220 AD2d 636 [1995]). When the support payments directed by the court are so prohibitive as to strip the payor spouse of the income and the ability to meet his or her allowable expenses, then relief may be granted in the interest of justice (*see Ryder v Ryder*, 267 AD2d 447 [1999]; *Stanton v Stanton*, 211 AD2d 781, 781-782 [1995]). Here, the Supreme Court did not adequately consider the plaintiff's needs. Using the figures utilized by the Supreme Court, the plaintiff would not be able to meet his own financial needs and obligations after making the payments imposed upon him (*see French v French*, 260 AD2d 428, 429 [1999]; *Hills v Hills*, 240 AD2d 706 [1997]; *Androvett v Androvett*, 172 AD2d 792 [1991]). Additionally, in this circumstance, reducing the plaintiff's imputed gross income by the amount he was directed to pay for the marital residence's carrying costs was inappropriate (*see Ryder v Ryder, supra; Hart v Hart*, 227 AD2d 698, 700 [1996]). Rather, the monthly mortgage payment in the amount of $2,610 should have been deducted from the plaintiff's basic support obligation under the Child Support Standards Act (*see* Domestic Relations Law § 240 [1-b]). Therefore, the pendente lite child support must be reduced from $2,300 to $624 per month.

While a party in a matrimonial action may request the downward modification of a temporary child support award when that party can demonstrate financial hardship, such a downward modification may operate only prospectively (*see Petek v Petek*, 239 AD2d 327, 328 [1997]). Thus, the plaintiff is not entitled to recoupment of payments previously made pursuant to the pendente lite order (*see Parise v Parise*, 13 AD3d 504, 506 [2004]; *Stone v Stone*, 152 AD2d 560 [1989]).

Lastly, the Supreme Court erred in appointing an appraiser to value the plaintiff's enhanced earning capacity arising from educational accomplishments and professional training acquired during the marriage, including his Master of Business Administration (hereinafter MBA) and Certified Financial Analyst (hereinafter CFA) studies and his legal training and employment. First, his legal training and employment are not marital property because he received his law degree before the marriage (*see O'Brien v O'Brien*, 66 NY2d 576 [1985]; *Spence v Spence*, 287 AD2d 447, 448 [2001]). Second, it is undisputed that the plaintiff did not finish the required courses to obtain an MBA degree and did not take all three CFA examinations required to receive

that certification. Thus, as his MBA and CFA studies are uncompleted, any enhanced earning capacity which may result upon completion of these studies would not constitute marital property (*see Kyle v Kyle*, 156 AD2d 508, 510 [1989]; *West v West*, 213 AD2d 1025, 1026 [1995]). Accordingly, the plaintiff has no enhanced earning capacity subject to equitable distribution to be appraised. Florio, J.P., Adams, Santucci and Lunn, JJ., concur.