■ GREGORY A. BEROZA, Appellant, v MICHELE A. HENDLER, Respondent. [896 NYS2d 144]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Warshawsky, J.), entered August 19, 2008, which, after a nonjury trial, inter alia, directed him to pay monthly child support in the amount of $4,833.33, awarded him only one half of the defendant's one-half interest in the marital residence which she jointly owned with her mother, and only one half of the sum of $440,000, which the defendant transferred to the custodial accounts of the parties' children without his permission, awarded the defendant 25% of the appreciated value of his two businesses, declined to award him a percentage of the defendant's increased earnings, and declined to award him a 50% credit for unaccounted-for funds in the accounts held by the defendant jointly with her mother at Chase Bank, deposited from October 14, 1997, to October 12, 2001.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the fifth decretal paragraph thereof, and (2) by adding to the fifteenth decretal paragraph thereof, after the words "Memorandum Decision After Trial," the phrase, "except that (i) the net value of the marital home which is available for equitable distribution is

$549,876, and the husband is credited with the sum of $274,938, and (ii) the net value available for equitable distribution with respect to the children's custodial accounts is $605,848, and the husband is credited with the sum of $302,924"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith; and it is further,

Ordered that pending a new determination of the issue of child support, the plaintiff shall continue to pay monthly child support in the sum of $4,833.33, as set forth in the fifth decretal paragraph of the judgment.

At the time of the parties' marriage on April 21, 1990, the plaintiff was a licensed veterinarian who specialized in the treatment of horses, and the defendant was a licensed anesthesiologist at the Long Island Jewish Medical Center. Throughout the marriage, the defendant worked full-time and the plaintiff operated his private veterinary practice and a related business which boarded horses and held polo matches on a five-acre property in Huntington Station. The plaintiff purchased this property before the marriage. At the beginning of their marriage, the parties agreed that they would save the defendant's income for a down payment on a home, and rely on the plaintiff's income to pay their expenses through one or both of his businesses.

In 1993 the defendant and her mother purchased a home in Laurel Hollow in which the parties lived for the duration of the marriage. The defendant and her mother held title as joint tenants with the right of survivorship, for the ostensible purpose of shielding the home from the husband's potential creditors. The defendant and her mother assumed a $300,000 mortgage to purchase the home, which the defendant paid throughout the marriage, and satisfied during the pendency of this action with a final payment of $30,248.

At the time the plaintiff commenced this action for divorce on October 12, 2001, the parties had a son who was approximately 4½ years old, and twins who were approximately 18 months old. After the parties resolved the grounds for divorce and the issues of custody and visitation, the remaining issues were tried to the court during an 11-day trial, which commenced on February 5, 2007.

The parties were divorced by judgment dated August 13, 2008, which, inter alia, directed the plaintiff to pay monthly child support in the amount of $4,833.33; awarded the plaintiff one half of the defendant's one-half interest in the marital residence after crediting the defendant with certain sums and one half of

$440,000, which the defendant transferred to the children's custodial accounts without the plaintiff's permission, awarded the defendant 25% of the appreciated value of the plaintiff's veterinary practice and the related business, declined to award the plaintiff a percentage of the defendant's increased earnings, and declined to award the plaintiff a 50% credit for unaccounted-for funds in the joint accounts the defendant held with her mother at Chase Bank, deposited from October 14, 1997, to October 12, 2001.

For purposes of its child support award, the Supreme Court imputed income to the plaintiff in the sum of $259,100. The plaintiff challenges the imputation. His challenge is without merit. In determining a party's child support obligation, "a court need not rely upon the party's . . . account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*DeVries v DeVries*, 35 AD3d 794, 795 [2006] [internal quotation marks omitted]; *see Fruchter v Fruchter*, 29 AD3d 942 [2006]). The Supreme Court properly imputed an annual income to the plaintiff based, inter alia, on undisputed evidence that his businesses paid for virtually all of his personal expenses, so that his actual earnings greatly exceeded the amount of income which he reported on his tax returns (*see Spreitzer v Spreitzer*, 40 AD3d 840, 842 [2007]; *Fruchter v Fruchter*, 29 AD3d 942 [2006]; *Nebons v Nebons*, 26 AD3d 478 [2006]; *Ivani v Ivani*, 303 AD2d 639 [2003]).

However, in determining the amount of child support, the Supreme Court failed to set forth the parties' pro rata shares of child support, and to adequately explain the application of the "precisely articulated, three-step method for determining child support" pursuant to the Child Support Standards Act (Domestic Relations Law § 240 [1-b]; *Matter of Cassano v Cassano*, 85 NY2d 649, 652; *see McLoughlin v McLoughlin*, 63 AD3d 1017, 1019 [2009]). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a recalculation of the plaintiff's child support obligation (*see McLoughlin v McLoughlin*, 63 AD3d at 1019).

The Supreme Court properly determined that the plaintiff was entitled to one half of the defendant's one-half interest in the marital residence, which was marital property and subject to equitable distribution (*see* Domestic Relations Law § 236 [B] [1] [c]; *cf. Angot v Angot*, 273 AD2d 423, 424 [2000]). However, the Supreme Court erred in deducting the amount of the outstanding mortgage from the stipulated gross value of the home to determine the available amount for equitable distribu-

tion since the mortgage was already satisfied at the time of distribution, and the Supreme Court additionally credited the defendant for one half the amount of the $30,248 payment.

The Supreme Court also erred in determining the amount of marital funds which was subject to equitable distribution with respect to transfers the defendant made from her personal bank account into the children's custodial accounts without the plaintiff's permission. The evidence conclusively established that the defendant transferred the sum of $605,848 in marital funds.

The plaintiff's remaining contentions are without merit. Dillon, J.P., Florio, Miller and Chambers, JJ., concur.