# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**272**
**CA 10-01891**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

ALTON J. COLEMAN, JR., PLAINTIFF-APPELLANT,

V                                        MEMORANDUM AND ORDER

JOANNE COLEMAN, DEFENDANT-RESPONDENT.

---

TERRENCE G. BARKER, ROCHESTER, FOR PLAINTIFF-APPELLANT.

DENNIS R. DAWSON, GENESEO, FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Livingston County (Philip A. Litteer, R.), entered December 11, 2009 in a divorce action. The judgment, inter alia, directed plaintiff to pay weekly maintenance, to pay maintenance arrears in two equal installments, and granted defendant a distributive award totaling $5,500.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sixth decretal paragraph and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff appeals from a judgment of divorce that, inter alia, directed him to pay $275 per week in maintenance and to pay maintenance arrears in two equal installments, as well as granted defendant a distributive award totaling $5,500. We reject plaintiff's contention that the Referee erred in imputing income of $12,000 to him. It is well settled that "a 'court may properly find a true or potential income higher than that claimed where the party's account of his or her finances is not credible' " (*Sharlow v Sharlow*, 77 AD3d 1430, 1431). We see no basis to disturb the Referee's conclusion that plaintiff had been underreporting his income on his tax returns, especially in light of plaintiff's receipt of various items of personal property for which he "bartered" but that he did not report on his tax returns (*see id.; Beroza v Hendler*, 71 AD3d 615, 617, *lv dismissed* 15 NY3d 905; *Matter of Rubley v Longworth*, 35 AD3d 1129, 1130-1131, *lv denied* 8 NY3d 811).

We reject plaintiff's further contention that the Referee abused his discretion in setting the amount of maintenance, inasmuch as the record demonstrates that he properly weighed the factors set forth in Domestic Relations Law § 236 (B) (6) (*see Frost v Frost*, 49 AD3d 1150, 1150-1151; *see generally Hartog v Hartog*, 85 NY2d 36, 51). We agree with plaintiff, however, that there is an inadequate basis in the record to award defendant $2,000 per year for a period of two years based on plaintiff's decision to claim the parties' son and

defendant's daughter from a prior relationship on his individual tax returns. No evidence was presented with respect to the benefit that plaintiff received or the amount defendant would have obtained had she been allowed to claim the children on her own tax returns. We therefore modify the judgment accordingly (*see generally Dietz v Dietz*, 203 AD2d 879, 882; *Bofford v Bofford*, 117 AD2d 643, 645, *lv dismissed* 68 NY2d 808).

We reject plaintiff's contention that the Referee abused his discretion in awarding $1,500 to defendant for funds withdrawn from her bank account by plaintiff without her permission, inasmuch as plaintiff's own testimony established that those funds were defendant's separate property (*cf. Askew v Askew*, 268 AD2d 635, 637). Finally, we conclude that the Referee did not abuse his discretion in directing plaintiff to pay maintenance arrears in two equal installments three months apart (*see Jarkow v Jarkow*, 276 AD2d 748; *Matter of Mays v Mays*, 51 AD2d 550).

Entered: March 25, 2011                        Patricia L. Morgan
                                                         Clerk of the Court