█ Beth Weinberg, Respondent, v Michael Weinberg, Appellant. [998 NYS2d 423]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Pardes, J.), dated May 1, 2013, as granted those branches of the plaintiff's motion which were for pendente lite relief to the extent of directing him to pay child support in the sum of $996 every two weeks, carrying charges on the marital residence in the sum of $1,295 per month, temporary maintenance in the sum of $400 every two weeks, and gym fees for the parties' daughter in the sum of $382 per month.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provisions thereof direct-

ing the defendant to pay temporary maintenance in the sum of $400 every two weeks and gym fees for the parties' daughter in the sum of $382 per month; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

An appellate court should rarely modify a pendente lite award, and then " 'only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires' " (*Malik v Malik*, 66 AD3d 968, 968 [2009], quoting *Levakis v Levakis*, 7 AD3d 678, 678 [2004]; *see Chusid v Silvera*, 110 AD3d 660, 661 [2013]; *Renga v Renga*, 86 AD3d 634, 635 [2011]; *Silver v Silver*, 46 AD3d 667, 668 [2007]). Here, the Supreme Court did not adequately consider the defendant's needs. Using the figures utilized by the Supreme Court, the defendant would not be able to meet his own financial needs and obligations after making the payments imposed upon him (*see Fruchter v Fruchter*, 29 AD3d 942, 944 [2006]; *French v French*, 260 AD2d 428, 429 [1999]; *Hills v Hills*, 240 AD2d 706 [1997]). Accordingly, we modify the order to the extent indicated herein.

The defendant's remaining contention is without merit. Hall, J.P., Austin, Duffy and Barros, JJ., concur.