Hint v Hint (2021 NY Slip Op 02633)





Hint v Hint


2021 NY Slip Op 02633


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


176 CA 20-00857

[*1]SUSAN E. HINT, PLAINTIFF-RESPONDENT,
v
DANIEL D. HINT, DEFENDANT-APPELLANT. 






EMILY A. VELLA, SPRINGVILLE, FOR DEFENDANT-APPELLANT.
THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Allegany County (Terrence M. Parker, A.J.), dated October 29, 2019. The order, among other things, ordered defendant to pay maintenance and child support to plaintiff. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this divorce action, defendant husband appeals from an order that, inter alia, imputed to him an annual income of $54,995 for purposes of calculating child support and maintenance payments. We affirm.
"Trial courts . . . possess considerable discretion to impute income in fashioning a child support award . . . [, and such an] imputation of income will not be disturbed so long as there is record support for [it]" (Matter of Muok v Muok, 138 AD3d 1458, 1459 [4th Dept 2016] [internal quotation marks omitted]). Contrary to the husband's contention, when determining his imputed income, Supreme Court did not abuse its discretion in considering his gross income as "reported in the most recent federal income tax return" (Domestic Relations Law § 240 [1-b] [b] [5] [i]), and the husband's non-income producing real property holdings (see § 240 [1-b] [b] [5] [iv] [A]), which consist of three homes on significant acreage with a total value of nearly $300,000. Although the husband contends that his gross income as reported in his tax return is a misrepresentation of his actual income due to significant expenses, " 'where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed' " (Matter of Monroe County Support Collection Unit v Wills, 21 AD3d 1331, 1332 [4th Dept 2005], lv denied 6 NY3d 705 [2006]). Here, the record establishes that the husband's "credibility was impeached, and thus the court was entitled to discredit the accounting of . . . financial resources [that he] provided" (id.; see Coleman v Coleman, 82 AD3d 1635, 1635 [4th Dept 2011]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court